PEOPLE EX REL. THOMAS, ATTORNEY-GENERAL, V. GODDARD.

This court is without jurisdiction, under the constitution, to entertain and investigate acts done by a judge of a district court since his induction into office, and which are alleged to disqualify him to hold and administer the duties thereof, by proceedings in the nature of a *quo warranto.*

PROCEEDING in the nature of a *quo warranto.*

Attorney-General T. H. THOMAS, THORNTON H. THOMAS and Mr. LUTHER S. DIXON, for the plaintiffs.

Messrs. CHAS. S. THOMAS, CLINTON REED, JOSEPH A. TAYLOR, WM. KELLOGG, J. B. BISSELL and C. I. THOMPSON, for respondent.

PER CURIAM.   At the April term, 1884, of this court an information in the nature of a *quo warranto* was filed against the above named defendant by the attorney-general, upon his own relation, to oust said defendant from his office of judge of the district court of the fifth judicial district.   The charges preferred were to the effect that the defendant was disqualified to hold said office at the time of his election thereto, and at the time of his induction into office.   The attorney-general based the charges and rested the jurisdiction of this court to enter-

tain them upon the English statute of 5 and 6 Edward VI., ch. 16. The court, however, declined to entertain the information, upon the ground that the statute mentioned had been repealed by the legislature, and was not in force in this state. At the October special term this year the attorney-general asked leave to file an amended information in the same case, basing the charges therein contained upon section 6 of article 12 of the state constitution, as well as upon the statute of 5 and 6 Edward VI. The motion was set down for hearing, and was discussed at length by counsel, both on the part of the state and on behalf of the defendant, briefs also being filed by both parties. The first three counts are substantially the same as those filed in the original information, and relate to the antecedent disability of the defendant to take and administer the office to which he was elected. The remaining counts charge acts done by said defendant since his induction into office, which are alleged to disqualify him to hold and administer the duties thereof:

Previous to the hearing, the attorney-general stated to the court and opposing counsel that if the information, as amended, could not be entertained, he intended to strike out the counts charging the defendant's disability at the time of entering into office, and then file the document as an original information upon the charges contained in the remaining counts. Thereupon, by agreement of counsel, as the court understood at the time, and as a matter of convenience, the subject-matter of both the amended and proposed original informations were discussed and considered together upon objections made by the defendant thereto in the nature of demurrers to the jurisdiction of the court to entertain either of such informations.

We have expended much time in a careful examination of authorities in respect to the question of jurisdiction, and have arrived at the following conclusions, in which all the members of the bench concur: *First*, that in so

far as the matters stated in the present information refer to the defendant's disqualification to take the office in the first instance, the ground was fully covered by the former proceeding and decision; *second*, that the matters now charged for the first time constitute a new and different cause of action, and the court is unanimously of the opinion that it is without jurisdiction under the constitution to entertain and investigate the same by proceedings in the nature of *quo warranto.* These conclusions dispose of the motion before the court. Differences of opinion exist among us as to the ground on which to base the defect of jurisdiction. For this reason, and the further reason that we are pressed for time, we deem it both unprofitable and unwise to discuss the subject in separate opinions upon the pending motion. The motion was denied.

*Motion denied.*