The State v. Hill.

THE STATE v. HILL, *Appellant.*

1. **Seduction Under Promise of Marriage** : EVIDENCE: STATUTE. Corroborating evidence, in trials for seduction under promise of marriage, is only required as to the promise of marriage, and in that respect to the extent of the principal witness in perjury. R. S., sec. 1912.

2. ——: CORROBORATING EVIDENCE. Evidence of circumstances which usually accompany the marriage engagement will satisfy the statute as to the corroborating evidence.

3. ——: EVIDENCE. Admissions of defendant made to third persons that he had sexual intercourse with the prosecutrix, are admissible in evidence. They are competent, as tending to show illicit intercourse, and that the latter was brought about by the deceptive arts of the defendant.

4. ——: GOOD REPUTATION OF PROSECUTRIX. The good reputation of the prosecutrix is made by the statute an element of the offence, and it is proper for the state to prove that fact, in making out its case.

5. **Practice** : ERRONEOUS REMARKS TO JURY BY THE COURT. A statement to the jury, although made in open court, to the effect that if they made a verdict by a certain time, they would be discharged, and if not, they would be held until they did agree, *held* to have been made by the court to induce a verdict by the time named, and, therefore, improper, and a ground for reversal.

6. **Instruction** : REPUTATION FOR VIRTUE. An instruction is proper to the effect that if the reputation of the prosecutrix had never been called in question, then such fact is evidence of her good reputation for virtue.

*Appeal from Moniteau Circuit Court.*—HON E. L. EDWARDS, Judge.

REVERSED.

*Moore & Williams* for appellant.

(1) The court permitted the state to offer evidence to support the reputation of the prosecutrix, when it

had not been attacked, which was error. (2) The instructions on the part of the state, objected to by defendant, ought to have been refused. (*a*) The first instruction is too general, and is not founded on sufficient evidence. R. S., sec. 1912. There was absolutely no corroborating evidence of a legal character. (*b*) The third instruction is misleading, and a comment upon the evidence; and it assumes that there are corroborating circumstances in the evidence, corroborating the prosecuting witness as to the main allegations necessary to be proven to sustain the indictment, which is not admitted. *Miller v. Marks*, 20 Mo. App. 369. (*c*) The fourth instruction is erroneous. It assumes the existence of facts which are denied, and which are not proven, and then proceeds to comment upon evidence in part given, and in part not given (as we contend), but, in any event, contrary to repeated decisions of this court, and to the manifest injury of defendant. *State v. Hecox*, 83 Mo. 532; *Donahue v. Railroad*, 83 Mo. 560; *Comer v. Taylor*, 82 Mo. 341; *Wilkerson v. Thompson*, 82 Mo. 317; *State v. Smith*, 53 Mo. 267; *State v. Bell*, 70 Mo. 633; *State v. Breden*, 58 Mo. 507; *State v. Elkins*, 63 Mo. 159; *Jones v. Jones*, 57 Mo. 138. (3) The evidence of Dunbar and McCallister was improperly admitted. Their statements do not tend to support the charge in the indictment, nor do they corroborate the testimony of the girl; and, besides, they only give, under the erroneous rulings of the trial court, a garbled statement of part of a loose conversation between two young men boasting of their amours. (4) The judgment should be reversed because of the remarks of the trial judge to the jury, in reference to agreeing on a verdict. *State v. Alexander*, 66 Mo. 148, 164.

B. G. *Boone*, Attorney General, for the state.

(1) The statute only requires the corroboration of

the prosecuting witness, as to the promise of marriage. The jury may find the fact of seduction upon the uncorroborated testimony of the prosecuting witness, and corroboration as to the promise is satisfied by proof of the circumstances usually attending an engagement of marriage. R. S., sec. 1912; *State v. Brassfield*, 81 Mo. 152, and cases cited; *Kenyon v. People*, 26 N. Y. 203; *Boyce v. People*, 55 N. Y. 644. (2) The fifth instruction for the state was proper, the statute requiring that it shall be shown the woman seduced was of good repute, and it was proper to instruct the jury as to this evidence. R. S., sec. 1254. (3) The remarks of the trial judge to the jury, as to agreeing on a verdict, constitute no error. They were simply statements as to the course that would be pursued, whether the jury agreed or not. Appellate courts will not consider alleged misconduct of trial judges unless it is supported by affidavit. *Lloyd v. Railroad*, 53 Mo. 509; *State v. Morgan*, 1 Mo. App. 22; *State ex rel. v. Claudius*, 1 Mo. App. 562.

BLACK, J.—The defendant was indicted for seducing Ida F. Dickson, under a promise of marriage.

1. For a reversal of the judgment, it is contended there is no sufficient corroborating evidence of the prosecuting witness. The statutory offence is: "If any person shall, under promise of marriage, seduce and debauch any unmarried female of good repute, under twenty-one years of age," etc. Section 1912, Revised Statutes, provides: "In trials for seduction, under promise of marriage, the evidence of the woman as to such promise must be corroborated to the same extent required of a principal witness in perjury." From these statutes it is plain to be seen that corroborating evidence is only required as to the promise of marriage, and in that respect to the extent of the principal witness in perjury. In cases of perjury, it is not required that the corroborating circumstances should be equal to a

second witness. The additional evidence, it was said in *State v. Heed*, 57 Mo. 254, need not be such as, standing by itself, would justify a conviction in a case where the testimony of a single witness would suffice for that purpose ; but it must be at least strongly corroborative of the testimony of the accusing witness. There must be some evidence, independent of the principal witness ; any material circumstance proved by other witnesses, in confirmation of the witness who gave the direct testimony, will be sufficient. Rosc. on Crim. Evid. [6 Am. Ed.] 765. We can, then, apply these guides to cases like the one in hand. Evidence of circumstances which usually accompany the marriage engagement will satisfy the statute as to supporting evidence. *State v. Brassfield*, 81 Mo. 156. That case, it is true, was overruled in *State v. Patterson*, 88 Mo. 88, in one respect, but not as to the question now under consideration. Of course, there may be many other circumstances equally efficient, and it is not designed to enumerate them, for in this respect each case must, to a great extent, be its own guide.

Now, Mr. and Mrs. Dickson, the father and mother of Ida, testified that defendant had been waiting on their daughter three or four years ; that he and another young man had an oyster supper at their house in December, 1882 ; that, on an evening in January, following, when the seduction is alleged to have taken place, he and Ida were in the kitchen, after witnesses had retired ; that defendant was at their house one or two evenings previous to these occasions, as the suitor of their daughter. There is evidence, too, that he had paid her some attention on other occasions. The prosecuting witness swears, positively, to a marriage promise, made by defendant, on the night they were in the kitchen ; and we think the foregoing evidence is sufficient, by way of corroborating circumstances. It is true the visits of defendant were not frequent, and this evidence may all

be true, and there have been no promise made to marry the girl, but the circumstances are such as usually attend such engagements.   Whether they, and the testimony of the prosecuting witness, outweighed the positive denial of the defendant, was a question for the jury to determine.

2.   Two witnesses, young men, testify to two different conversations, in which defendant said he had had sexual intercourse with Ida Dickson.   Although these conversations occurred when these young men were boasting of their exploits, still it was properly received. It was not only evidence of the fact that defendant had had illicit connection with the girl, but the admissions, in view of the circumstances under which they were made, show that he had induced her to yield by his seductive arts.   Of course every illicit intercourse is not seduction.   Nor is every seduction an offence under the statute.   It is seduction under promise of marriage which constitutes the offence.   Though the evidence is of no value as tending to show a promise of marriage, it is of great value as tending to show an illicit connection, and of some value as tending to show that the intercourse was brought about by the deceptive practices of the defendant.

3.   There was no error in allowing the state to prove the good repute of the prosecuting witness, at the outset, and as a part of the case for the state.   Good repute is made an element of the offence by the statute ; and as both parties are presumed to be innocent, the better conclusion seems to be, it is said, that some such evidence should be brought forward in the first instance.   Bish. Stat. Cr. [ 2 Ed.] sec. 648.   Mr. Bishop states the rule under statutes, which make "previous chaste character" an element of the offence ; but there is no such difference between that expression and "good repute," as to call for any variation of the rules of evidence in the respect under consideration.

4. The bill of exceptions contains the following recitals: "The cause, after argument, was submitted to the jury at eleven o'clock Wednesday evening. Afterward, at 9 : 30 o'clock, Thursday morning, the jury were called into court, and enquiry made by the judge whether they had agreed upon a verdict. Receiving a negative reply, the judge addressed the jury as follows : ' Gentlemen : I will be here until eleven o'clock to-day, at which time I expect to go home, and if you agree upon a verdict against that time, you will be discharged ; if you cannot agree by that time, court will adjourn from day to day, until such time as you may agree.' To which verbal charge to the jury the defendant excepted. The jury then retired to their room, and at 10 : 30 o'clock, A. M., returned a verdict finding the defendant guilty."

Here there were no secret communications between the judge and jurors. What was said by him was said in open court ; and in this respect the case is unlike that of *State v. Alexander*, 66 Mo. 163. But the remarks were made for a purpose, and what was that purpose ? Clearly, to induce them to make a verdict by eleven o'clock. They were told that if they made a verdict by that time they would be discharged, if not, they would be held until they did agree. In this the judge stepped beyond the bounds of his proper province. In *Railroad v. Jackson*, 81 Ind. 19, the judge, without the knowledge of the appellant, sent word to the jury, by a bailiff, that if they did not agree upon a verdict, he would keep them until Saturday night, a period of four days. The court ruled, without hesitancy, that the action of the judge could not be justified. The object of a jury trial is to get the free judgment of the jurors as to the disputed facts. The judge has no right to influence or coerce a verdict by threats of any kind. For this error, if for none other, the judgment must be reversed.

5. The third instruction for the state seems to con-

vey the impression that the prosecuting witness must be supported by other evidence, both as to the seduction and the promise of marriage. This is only required, we have seen, as to the promise of marriage. This was an error in favor of defendant, but the instruction had better conform to the law, and then be in harmony with the fourth for defendant. In other respects it is unobjectionable. The fourth seems to apply to the whole case and is a singling out and giving undue prominence to some of the evidence. It should be omitted. We see no objection to an instruction which tells the jury that if the reputation of Ida F. Dickson was never called in question, then that is evidence of good reputation for virtue, but the instruction ought not to go so far as to say it is the very best evidence. The chastity of the woman is directly in issue in these cases ( *State v. Patterson, supra*), and it is not the proper province of the court to determine the weight of the evidence.

The judgment is reversed and the cause remanded for a new trial. Norton, C. J., absent; the other judges concur.