THE STATE V. McCASKEY, *Appellant*.

DIVISION TWO.

1. **Criminal Law**: SEDUCTION UNDER PROMISE OF MARRIAGE: COR-ROBORATING EVIDENCE. On a trial of an indictment for the seduction of a woman under promise of marriage, she must, under Revised Statutes, 1879, section 1912, be corroborated as to the promise by other evidence than that given by herself.

2. ——— : ——— : GOOD REPUTE. The duty is on the state in such case to allege and prove that she was a woman of good repute.

3. **Criminal Practice** : INSTRUCTIONS. Instructions should not refer the jury to the indictment to determine what they must find in order to convict.

*Appeal from Polk Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*A. A. Underwood* and *B. J. Emerson* for appellant.

(1) There is no evidence that prosecutrix was of previous chaste character or good repute. This being a material element of the crime, it was necessary for plaintiff to have so proven affirmatively. *State v. Hill*, 91 Mo. 423; *People v. Roderigas*, 49 Cal. 9; *West v. State*, 1 Wis. 186; 3 Crim. Law Magazine, 338, *et seq.*; R. S., sec. 1254; *State v. Patterson*, 88 Mo. 88. (2) The indictment cannot be sustained upon the uncorroborated evidence of the prosecutrix. The promise must be proved by other testimony than her own. This is wanting. *State v. Hill, supra; Polk v. State*, 40 Ark. 482; *State v. Brinkhaus*, 7 Crim. Law Mag. 343; R. S., sec. 1912. (3) The court should have instructed what facts and circumstances are necessary to be proven in corroboration of prosecutrix's testimony to establish a promise of marriage. R. S. 1879, sec. 1912; 1 Gr. Evidence [6 Ed.] p. 332, sec. 257; *State v. Heed*, 57 Mo.

252; *State v. Hill*, 91 Mo. 432; *State v. Reeves*, 97 Mo. 673. (4) The woman, who in consideration of a promise of marriage is debauched, is not seduced. The testimony of prosecutrix as to what was said at time of illicit intercourse is not sufficient to prove seduction; it only proves that she was debauched. 49 Ga. 664; *State v. Carter*, 93 Mo. 242; *State v. Burgdorf*, 53 Mo. 65; *State v. Reeves*, 97 Mo. 668. (5) The words "corroboration" and "seduction," as used in indictment and instructions, must be defined. This was not done. *State v. Reeves*, 97 Mo. 673. (6) The first instruction is erroneous in that it only requires the prosecutrix to be seduced, and ignores the other elements of the crime, viz.: That she was debauched, unmarried, of chaste character or good repute, and less than twenty-one years of age. These elements are not covered by the words, "as charged in the indictment." *State v. Reeves*, *supra*. (7) The evidence concerning pregnancy, use of medicine and instruments is clearly inadmissible, on the grounds stated in the objection. 17 N. E. Rep. 736. (8) When the verdict is evidently the result of passion or prejudice, or unsupported by the evidence, the judgment will be reversed. *State v. Fuchs*, 17 Mo. 458; *Hipsley v. Railroad*, 88 Mo. 348; *Douglas v. Orr*, 58 Mo. 573; *State v. Castor*, 93 Mo. 242; *State v. Glahn*, 97 Mo. 679. (9) The demurrer to the evidence should have been sustained and defendant discharged. This error will be corrected in the appellate court. *State v. Staffen*, 16 Mo. App. 553; *State v. Bruner*, 17 Mo. App. 274. (10) Instructions 2, 3 and 5 for plaintiff are unwarranted, practically a comment upon defendant's testimony, and the effect of giving them is to cast suspicion on his evidence. *State v. Cook*, 84 Mo. 49; R. S. 1879, sec. 1920.

*John M. Wood*, Attorney General, for the State.

(1) The testimony in this case shows that the prosecutrix yielded to the defendant, after persistent

coaxing and begging, on his part, and repeated promises to marry her. To the jury belonged the duty of weighing and passing upon the evidence. *State v. Musick*, 71 Mo. 401. (2) 'The reputation of the prosecutrix is presumed to be good, in the absence of any attack upon it. *State v. Hill*, 91 Mo. 423. (3) The first instruction was proper, as it required the jury to find all the facts charged in the indictment in order to convict the defendant. It was not necessary to enumerate those facts in the instruction. (4) The instructions as to the credibility of witnesses, and the weight to be attached to defendant's testimony, were correct. (5) The testimony admitted, on the part of the state, which was objected to by the defendant, tended to prove that defendant had had sexual intercourse with the prosecutrix, and was properly admitted. (6) The first instruction on the part of the defendant (number 7) as to the corroboration of the prosecutrix, as to tho promise of marriage, was given as asked by defendant, and he has no cause to complain. (7) It is not alleged as one of the grounds for a new trial, that the court failed to properly instruct the jury as to the whole case, and it is too late to insist upon that as a ground for reversing the judgment in this court. (8) The instructions taken as a whole properly submitted the case to the jury, and the judgment should be affirmed.

Thomas, J.—The defendant was indicted in the Polk county circuit court for seduction under promise of marriage, was tried therefor, and sentenced to imprisonment in the penitentiary for a term of two years.

I.   The state stood on the uncorroborated evidence of the prosecuting witness in this case. She testified defendant promised to marry her, and under and by virtue of that promise seduced her. Section 1912, Revised Statutes, 1879, provides that "in trials for seduction under promise of marriage, the evidence of the woman, as to such promise, must be corroborated to

The State v. McCaskey.

the same extent required of the principal witness in perjury." It has been held by this court that "evidence of circumstances which usually accompany the marriage engagement will satisfy the statute as to supporting evidence." *State v. Hill*, 91 Mo. 423. Here the prosecuting witness testified to the promise and also to "the circumstances attending the marriage engagement," and the state argues that that satisfies the statute. It is *the evidence of the woman* as to the promise of marriage that must be corroborated. There must be some evidence independent of the principal witness as to the promise of marriage. In this case there is an attempt to evade this plain statutory provision by the principal witness testifying first to the promise of marriage and then to "the circumstances" that corroborate her. This is clearly not the law. She must be corroborated by some witness other than herself. *State v. Hill, supra;* Ros. Crim. Ev. [6 Am. Ed.] 765; *State v. Reeves*, 97 Mo. 668; *State v. Primm*, 98 Mo. 368.

II. There was no evidence whatever offered to show that the prosecutrix was a woman of good repute, and in such case there can be no conviction for the offense charged against the defendant in this case. The indictment must allege, and we think the better doctrine is the state must prove in the first instance, that the woman alleged to have been seduced is of "good repute." 1 Bish. Crim. Proc., secs. 1103-6; Bish. Stat. Cr. [2 Ed.] sec. 648; *State v. Hill, supra.* It is true the law presumes that every woman is chaste and of good repute, till the contrary appears; but so also does the law presume every one to be innocent of crime, till he be proven guilty. Hence we have one presumption nullifying the other, and in criminal trials the presumption of the innocence of the accused must prevail, till it be overcome by evidence beyond a reasonable doubt.

Indeed, it seems no great hardship on the state to require it, when an attempt is made to send a man to the penitentiary for seducing a woman under promise of marriage, to allege and prove in the first instance, that the woman alleged to have been seduced is of "good repute." This conclusion seems better to accord with the legal analogies and reason than the contrary doctrine. Evidence of the previous chastity of the seduced woman, which is required in some states, must in the nature of things be only slight, but there can be no difficulty in proving "good repute," as required by our statute, if the woman be of "good repute."

III. The instructions refer the jury to the indictment to determine what they must find in order to convict. This is error. It is the duty of the court, in plain and concise language, to define the offense accurately and tell the jury the essential facts necessary to be found to authorize a conviction. That was not done in this case.

The judgment is reversed and cause remanded. All of this division concur.