The State v. Fischer.

THE STATE v. FISCHER, *Appellant.*

Division Two, November 5, 1894.

1. **Criminal Practice:** SUFFICIENCY OF EVIDENCE: SUPREME COURT. The supreme court will not pass upon the sufficiency of the evidence to support the verdict, unless there is an entire failure of proof.

2. ———: OBJECTION TO EVIDENCE: MOTION FOR NEW TRIAL. Where no objection to the introduction of evidence was made at the time, none can be raised in the motion for new trial.

3. ———: NEWLY DISCOVERED EVIDENCE: NEW TRIAL. A new trial on the ground of newly discovered evidence is properly denied where no diligence is shown in obtaining such evidence in time for the trial.

4. ———: REMARKS OF ATTORNEY: REVERSIBLE ERROR. Where counsel for the state in his argument to the jury spoke of the defendant as "a low and contemptible brute unworthy the respect of the community" the use of such language against defendant's objection without a reprimand from the court constitutes reversible error.

*Appeal from Pemiscot Circuit Court.*—HON. H. C. RILEY, Judge.

REVERSED AND REMANDED.

*R. F. Walker*, Attorney General, for the state.

(1) This court will not pass upon the sufficiency of the testimony except where there is a total failure of proof, and where it is evident the jury were actuated by prejudice or passion. No such conclusion can be reached by reading the record in this case. *State v. Young*, 24 S. W. Rep. 1038; *State v. Banks*, 118 Mo. 117; *State v. Hermann*, 117 Mo. 629; *State v. Moxley*, 115 Mo. 644; *State v. Burd*, 115 Mo. 405; *State v. Richardson*, 117 Mo. 586. (2) The instructions fully and correctly declare the law, with exceeding liberality

to the defendant, present every feature suggested by the indictment and the testimony. *State v. Wheeler*, 108 Mo. 662; *State v. McCaskey*, 104 Mo. 647; *State v. Brandenburg*, 118 Mo. 181; *State v. Patterson*, 88 Mo. 88; *State v. Hill*, 91 Mo. 429. (3) No error was committed by the trial court in overruling defendant's motion for new trial, because of the discovery of new testimony. No diligence is shown. Nor does the defendant make an affidavit of any character in support of the allegation. *State v. Campbell*, 115 Mo. 391; *State v. Welsor*, 117 Mo. 570; *Hall v. State*, 26 S. W. Rep. (Texas) 72. (4) The remarks of counsel for the state could not have prejudiced the defendant. It was a mere conclusion of the attorney; nothing more. It certainly did not constitute reversible error. *State v. Young*, 105 Mo. 634.

BURGESS, J.—From a conviction in the circuit court of Pemiscot county for seducing one Ida B. Phillips, an unmarried female of good repute, under promise of marriage, defendant appeals. His punishment was assessed at two years' imprisonment in the penitentiary. No brief has been filed on the part of defendant.

Ida B. Phillips, at the time of the alleged seduction, October, 1892, was but seventeen years of age. During that year defendant was employed as a farm laborer, jointly by one Lewis and the father of Ida, and during the cropping season he and the girl worked together in the fields upon farms of both Lewis and Phillips. During the spring defendant began paying unusual attention to Ida and proposed to marry her as soon as she arrived at the age of eighteen years, which would be in January, 1893, to which she assented, and thereafter he occasionally accompanied her from home to public gatherings. In October, 1892, while on their

way together to work in a field, defendant asked her to have intercourse with him; he again renewed his promise of marriage, and relying thereon she yielded to his wishes. A child was thereafter born to her, as the result of the intercourse. Defendant stated to one Hutchison, a witness, that he had intercourse with the girl; but he testified in his own behalf, and denied any courtship, promise of marriage, seduction or intercourse with her. He also established a good reputation.

The first contention set forth in the motion for a new trial is, that the verdict of the jury is against the evidence. This court has so often held that it will not undertake to pass upon the sufficiency of the evidence to support a verdict, except where there is an entire failure of proof, that it would be but little less than a work of supererogation to refer to authorities upon the subject. Only a few of the more recent ones will be referred to. *State v. Young*, 119 Mo. 495; *State v. Banks*, 118 Mo. 117; *State v. Punshon*, *ante*, p. 448.

It was also insisted in the motion for a new trial that the court erred in instructing the jury; but the instructions seem to be in conformity to the law as laid down by this court in similar cases, and not subject to the objection urged against them. *State v. Hill*, 91 Mo. 423; *State v. McCaskey*, 104 Mo. 644; *State v. Reeves*, 97 Mo. 668; *State v. Primm*, 98 Mo. 368.

The defendant himself testified to the good repute of the prosecuting witness up to the time of the alleged offense, and her mother, Mrs. Phillips, testified to the attentions of defendant to her daughter and her preparations to get married; that her father was opposed to her marrying the defendant and that she heard defendant say to Ida that she could marry when eighteen years old without her parents doing anything. And at

another time that she heard him say that he was going to get married. That he kept company with no other young lady, and seemed to be very fond of her daughter.

The prosecuting witness swears, positively, to a promise of marriage made by defendant several months before the alleged seduction in the October following, and we think the evidence sufficient by way of corroborating circumstances. It seems that defendant did not go out with her more than once or twice during the time that he worked for her father and Lewis, but they were thrown together working in the field almost every day. There may have been no promise to marry the girl but the evidence tends to show that there was. Whether the testimony of the prosecuting witness, and the facts as set forth, outweigh the positive denial of the defendant was a question for the jury to determine, they being the sole judges of the weight of the testimony.

One witness testified to a conversation had by the defendant with him in which he stated, in substance, that he had had sexual intercourse with the girl. And the fact that he stated to her father, when he insisted upon his marrying her when he learned that she was about to become a mother, that he would marry her if his cousin Henry said so, shows that he had induced her to yield to his wishes, and that he led her astray from the path of virtue and chastity by his deceptive practices and false promises.

It was also contended that the court committed error in allowing Mrs. Phillips, the mother of the prosecuting witness, to testify to statements made by her daughter Ida about being seduced, that the defendant had promised to marry her, and as to what she said about her preparations to get married. The record does not show that any objection was made at the time to the introduction of this testimony, and it could not be

raised for the first time in the motion for a new trial. A party can not sit quietly by and not object to the introduction of incompetent testimony, and afterwards, in the event that the result of the proceedings is adverse to him, obtain a new trial upon the ground of its admission. If he would save the point he must object at the time it is offered, and, if the objection be overruled, save his exceptions, otherwise he will not be heard to complain.

There was no error committed in overruling the motion for a new trial because of the discovery of new testimony. This ground for a new trial is supported by the affidavit of one Grandville M. Hays, in which he states that three witnesses, whose names are set forth therein, would testify to different and contradictory statements of the prosecuting witness with reference to the alleged seduction if a new trial be granted to defendant, but the motion is not supported by the affidavit of the defendant himself, and for all that appears from the record he might have known at the time of and before the trial that the witnesses would swear to the same facts that he expected to be able to prove by them in the event of a new trial being granted him. No diligence whatever was shown. *State v. Campbell,* 115 Mo. 391; *State v. Welsor,* 117 Mo. 570.

During the argument before the jury of the counsel for the state he stated that the defendant *"was a low and contemptible brute, unworthy the respect of the community,"* to which defendant objected, and asked the court to reprimand the counsel, which it declined to do and exceptions were duly saved. The language used was mere personal abuse, having nothing whatever to do with the case or the facts and circumstances in proof. It should not have been tolerated and was only calculated to inflame the passions of the jury against the defendant, who was entitled to a fair and impartial

trial without having heaped upon his head personal abuse in the presence of the court and the jury. (*State v. Young*, 99 Mo. 666; *State v. Jackson*, 95 Mo. 623.) And because of this fact the judgment is reversed and the cause remanded. All of this division concur.