THE STATE v. EISENHOUR, *Appellant.*

Division Two, January 21, 1896.

1. **Criminal Practice**: SEDUCTION: EVIDENCE.  On a trial of a prosecution for seduction of a female under eighteen years of age under promise of marriage, evidence of a promise made after the alleged seduction is inadmissible.

State v. Eisenhour.

2. ———: ———: ———. Admissions by the defendant made before the alleged offense and tending to show a promise of marriage, are competent.

3. ———: EVIDENCE: GENERAL OBJECTIONS. A mere general objection to evidence is insufficient.

4. ———: ———. Where the answer of a witness is not responsive to the inquiry made, the remedy is by motion to have it stricken out.

5. ———: ———: APPEAL. Where a question does not show that any answer would be relevant, the latter's exclusion will not be reviewed on appeal.

6. ———: SEDUCTION: CORROBORATING EVIDENCE. Revised Statutes, 1889, section 4212, provide that to warrant a conviction for seduction of a female under eighteen years of age under promise of marriage, the testimony of the prosecutrix as to such promise must be corroborated to the same extent required of the principal witness in perjury. *Held*, that evidence that defendant was constant in his attentions to prosecutrix for two years, visiting her weekly, and that she received attentions from no other man, was a sufficient corroboration of her testimony.

7. ———: ———: EVIDENCE. Where, in a prosecution for seduction, defendant testifies on direct examination that he had constantly visited the prosecutrix until after her alleged seduction, he may on cross-examination be asked why he ceased his visits.

8. ———: EVIDENCE. It is within the discretion of the trial court to permit the state, in the trial of a criminal case, to introduce evidence after it has been closed, but before the case has been submitted to the jury.

9. ———: MOTION IN ARREST. That the trial court rendered judgment directly after the defendant's motion for a new trial was overruled and before his motion in arrest of judgment was filed but which was subsequently considered and overruled, constitutes no ground for reversal.

10. ———: VERDICT: APPELLATE PRACTICE. It is only where there is no substantial evidence to support the verdict, that the supreme court will interfere on the ground that it is against the evidence.

*Appeal from Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Hale & Son*, and *Lozier & Morris*, and *McCann* for appellant.

(1) The court erred in allowing the prosecuting witness to state, against the objection of defendant, that a day or two before the trial he came back on Tuesday evening and promised to marry her. This was objected to as incompetent. Objection overruled, and · defendant excepted. This was more than a year after the alleged seduction, and was not evidence tending to prove that any promise of marriage existed at the time of the alleged seduction. *State v. Pattison*, 88 Mo. 100. (2) The court erred in refusing to allow the witness, Dr. G. R. Highsmith, to state the reasons which the prosecuting witness and her mother gave as to why they wanted her examined. Defendant was entitled to all that then and there occurred. It was not objected to as a confidential communication, and the doctor was willing to tell it. Her admissions are competent evidence as to the contract of marriage, age, etc. (3) The court erred in refusing to give the demurrer to the evidence asked by defendant at the close of plaintiff's testimony in chief. We insist that the evidence in chief was not sufficient to establish the contract of marriage or the age of the prosecuting witness. (4) The court erred in refusing to allow the witness, Caroline Jenkins, to state how long she had known the infant, Ada Jenkins, before the birth of her own child, the birth of which she had given. It was material, in view of the conflicting evidence in the case, as to the date of the birth of Ada Jenkins, which was a vital point in the case. The form of the question was not objected to by counsel for state.

*R. F. Walker*, attorney general, and *Morton Jourdan*, assistant attorney general, for the state.

(1) The court very properly permitted the prosecutrix to answer the question as to what conversation she had with the defendant on Tuesday before the trial on Thursday. Grounds of objection to evidence must always be specific, or this court will disregard them. *State v. Smith*, 114 Mo. 406; *State v. Moore*, 117 Mo. 395; *State v. Harlan*, 32 S. W. Rep. 997. (2) The reason assigned was "incompetent." This court has held that equivalent to no reason at all. *Stone v. Hunt*, 114 Mo. 66. (3) The rule is the same in criminal as in civil cases. *State v. Blunt*, 110 Mo. 322. (4) Whether or not a party should be permitted to call a witness after the formal closing of a case is a matter entirely within the discretion of the trial court, and will not be reviewed by this court, unless it affirmatively appears that such discretion has been abused. *State v. Pennington*, 124 Mo. 390; *State v. Smith*, 80 Mo. 516. (5) The instructions were exceedingly liberal to the defendant, more so in fact than authorized by the law, as a casual reading of the now established leading cases in this state will show. *State v. Wheeler*, 108 Mo. 658; *State v. McCaskey*, 104 Mo. 644; *State v. Reeves*, 97 Mo. 667; *State v. Hill*, 91 Mo. 423. (6) It is suggested that this cause should be reversed, for the reason "that the verdict in this case is clearly against the weight of the evidence." Counsel for defendant have evidently not yet learned that this court will not reverse a cause because a verdict is against the weight of the evidence. They have said so in so many cases of late years "that it would be but little less than a work of supererogation to refer to authorities upon this subject." *State v. Fischer*, 124 Mo. 462; *State v. Young*,

119 Mo. 495; *State v. Banks*, 118 Mo. 117; *State v. Punshon*, 124 Mo. 448.

BURGESS, J.—From a judgment of conviction fixing his punishment at a fine of $200 and imprisonment in the county jail for sixty days for seducing and debauching one Ada E. Jenkins, an unmarried female under the age of eighteen years, under promise of marriage, defendant appealed. The offense is alleged to have been committed in Carroll county, and the trial and conviction were had in the circuit court of that county.

The prosecuting witness and the defendant both lived in Carroll county about six miles apart. He called at her mother's home with a friend, and became acquainted with her in the spring of 1891, and from that time on until June, 1893, called on her regularly, she testified about once a week—occasionally taking her to entertainments and frequently to church on Sundays. She also testified that they became engaged to be married about his second visit. That afterward her mother's family, including herself, moved to Bosworth in said county where she and defendant went to school together. That after she moved to Bosworth defendant continued to visit her as before, and in January, 1893, during their engagement to marry, and under promise by defendant to marry her, he seduced and debauched her. That as a result of said seduction a child was born to her October 4, 1893, which died about three weeks thereafter. That defendant visited her after he knew that she was pregnant and also after the indictment was found, and admitted that he had promised to marry her and stated that he intended to do so. That she was under eighteen years of age at the time of the seduction, at which time the evidence showed she was of good repute.

Defendant denied that he ever promised to marry Ada E. Jenkins, but did not deny that he had entertained criminal relations with her. The evidence on his part tended to show that she was over eighteen years of age at the time of the alleged seduction.

I.   The first assignment of error is with respect to the action of the court in allowing the prosecuting witness Ada Jenkins to state, over the objections and exceptions of defendant, that on some three or more occasions after the month of January, 1893, when she stated the seduction occurred, defendant stated to her that he would marry her. Some of these statements were made voluntarily by the witness in answer to questions by the prosecuting attorney with regard to what was said by defendant in those conversations—with respect to promises of marriage made by him to her before the seduction.

The questions were proper, as any admissions or statements made by the defendant at any time tending to show that he had promised to marry her before the offense is alleged to have been committed, were admissible against him; but evidence of any promise of marriage made after that time was clearly inadmissible. The objections, however, were general, the only reason assigned being that the evidence was "incompetent."

It has been repeatedly held by this court that a mere general objection to evidence will be disregarded on appeal. *State v. Moore*, 117 Mo. 395; *State v. Smith*, 114 Mo. 406; *State v. Harlan*, 130 Mo. 381. Moreover, as the statements of the witness that defendant had promised to marry her, after he had seduced her, were not responsive to any question asked by the state, and merely gratuitous on her part, defendant should have moved to have the evidence stricken out or excluded from the consideration of the jury, and having

failed to do so must be considered to have waived any objection thereto.

II.   Dr. G. R. Highsmith, a witness for the state, testified that at the request of Ada Jenkins and her mother he made an examination of Ada about the last of April or the first of May for the purpose of ascertaining if she was pregnant, and found that she was.  On cross-examination he was asked the following question:   "I want to know the reason why they called on you for an examination if they were not ignorant on that point: I don't want what they said: I want the reasons they gave for an examination if they already knew what was the matter?"   To this question counsel for the state interposed an objection which was sustained by the court, and defendant duly excepted.  This ruling is also assigned as error.

The law is that he who asserts that error has been committed must make it so appear.   This is not shown by the question itself, and we can not presume that the trial court erred.   As was said in *Kraxberger v. Roiter*, 91 Mo. 404:  "The questions do not disclose the fact that any answer the witness might make, responsive thereto, would be material evidence in the case, and the purpose for which they were asked is in no way disclosed, except by the questions themselves."  See, also, *Bank v. Aull*, 80 Mo. 199; *State ex rel. v. Leland*, 82 Mo. 260; *Jackson v. Hardin*, 83 Mo. 176.   This point is untenable.

III.   It is also insisted that the court erred in refusing the instruction asked by defendant in the nature of a demurrer to the evidence, because it is contended that the evidence was not sufficient to establish the contract of marriage, or the age of the prosecuting witness at the time of the commission of the alleged offense.   By section 3486, Revised Statutes, 1889, it is made a felony for any person, under a promise of marriage, to seduce and debauch any unmarried female of

good repute, under eighteen years of age.  Section 4212 provides that in the trial of such cases "the evidence of the woman as to such promise must be corroborated to the same extent required of the principal witness in perjury." It will be observed that the statute only requires that the prosecuting witness be corroborated as to the promise of marriage, and to the same extent required of the principal witness in perjury. Positive corroborating evidence is not required either in perjury or in case of seduction under promise of marriage, but any material circumstance shown by other witnesses corroborative of the evidence of the prosecuting witness as to the perjury or promise of marriage is sufficient.

In a prosecution for perjury it was said:  "The additional evidence need not be such as standing by itself would justify a conviction in a case where the testimony of a single witness would suffice for that purpose; but it must be at least strongly corroborative of the testimony of the accusing witness." *State v. Heed*, 57 Mo. 252.

*State v. Hill*, 91 Mo. 423, was a prosecution under indictment for seducing a female under promise of marriage, and it was held that, "evidence of circumstances which usually accompany the marriage engagement will satisfy the statute as to supporting evidence."

The evidence shows constant attention by the defendant to Ada Jenkins for over two years; that she kept company with no other man during that time; that he visited her regularly about every Sunday.  One witness stated that he regarded the attention of the defendant to her as a matter of courtship, and that he frequently joked them about their relations as lovers. The facts as thus detailed were, we think, sufficiently corroborative of the evidence given by Ada Jenkins, as

to the promise of marriage, to take the case to the jury.

As the evidence with respect to her age in January, 1893, was conflicting, that was a question for the consideration of the jury also.

IV.   Another contention is that the court erred in refusing to allow the witness Caroline Jenkins to state how long she had known the infant Ada Jenkins, before the birth of her own child, the date of whose birth she had given.  This contention evidently has reference to the evidence of Margaret Jenkins, who testified as a witness, and not to Caroline, as no such question was propounded to the latter, so far as the record discloses, while there was to Margaret.  But it does not appear that the answer sought to be elicited to the question was material, or that defendant's rights were in any way prejudiced by the ruling of the court, and the judgment should not be reversed on that ground.

V.   There was no error committed in the cross-examination of defendant with respect to his reasons why he quit going to see the prosecuting witness.  He had testified that he first called on her in the winter of 1890, and continued to call on her once in every three or four weeks, until after January, 1893, and it was entirely proper to ask him on cross-examination why he then discontinued his visits.  It was with respect to that to which he had testified in chief, that is, his visits to Ada Jenkins.

VI.   Permitting either party to introduce additional evidence after the evidence had been closed and before the case was submitted to the jury, was a matter resting in the discretion of the court, and its action with respect thereto will not be reviewed unless it appears that its discretion has been abused, and it does not so appear in this case.   *State v. Pennington,* 124 Mo. 388; *State v. Smith,* 80 Mo. 516.

VII.  The  criticisms on  the  first and  second
instructions given in behalf of the state are not justified
by the law of the case.    The instructions are in accord
with the law as announced by this court in  repeated
adjudications, and  are  without  exception.    *State v.
Wheeler*, 108 Mo. 658; *State v. McCaskey*, 104 Mo. 644;
*State v. Reeves*, 97 Mo. 668; *State v. Hill, supra.*

VIII.   There is no merit in  the  contention that
the court committed error in rendering judgment against
the defendant immediately after the motion for a new
trial was overruled, and before  defendant had time to
file his motion in arrest.    The motion in arrest was
thereafter filed, considered by the court and overruled,
and no point is made in this motion on the action of
the court in  rendering judgment on the verdict after
the motion for new trial had been  overruled, and
before the motion in  arrest was filed.    Defendant had
the benefit of both motions, and it is inconceivable
how he could have been prejudiced by the action of the
court in  respect to this matter.    Moreover, had the
question been raised in the motion in arrest the correc-
tion could have then been made, had it been impor-
tant, by the court at the time.    The objection now
comes too late, and is technical at most.

IX.  A final contention is that the verdict is against
the weight of the evidence.    That was a question for
the consideration of the jury.    It is only in case there
is no substantial evidence to support the verdict that
this court will interfere, and it can not be said that
such is the condition of this case. *State v. Fischer*, 124
Mo. 462; *State v. Young*, 119 Mo. 495; *State v. Banks*,
118 Mo. 117; *State v. Punshon*, 124 Mo. 448.

The defendant seems to have had a fair trial, and
finding no error in the record which would justify a
reversal of the judgment, it is affirmed. GANTT, P. J.,
and SHERWOOD, J., concur.