## People v. Gilstrap.

*District Court of Arapahoe County, Dec. 29, 1900, No. 14507.*

W. V. Elliott and Marcus Haines for the state; Thomas Ward and Ralph Talbot for the defendant.

JOHNSON, J., delivered the opinion of the court.

The defendant was tried and convicted of rape. Counsel for defendant files a motion for a new trial, alleging among other things, improper conduct on the part of the prosecuting attorney in his closing remarks to the jury, also several other grounds which are not seriously contended for by counsel in his motion.

The impression sought to be made is, that the defendant did not have a fair and impartial trial according to law, and our review of the case will be upon the ground whether or not the defendant did have a fair and impartial trial, free and unprejudiced from outside influence of any kind, tending to deny him his full rights.

Sometime previous to the trial as the court understood, the defendant had employed his own counsel, and was ready, and would be ready for trial when the case was called. However, a short time previous to the day set for trial, the court received a communication from the defendant in which some objections were made by him regarding his attorney, Thomas Ward, Esq., whereupon the court summoned the defendant and his attorney and made inquiry in regard to the alleged dissatisfaction, and while the court did not believe that the objections were well taken, still, in order to give the defendant the full benefit of the law, assigned additional counsel to him, in the person of Ralph Talbot, Esq. Thereafter, the case came on regularly for trial, but owing to the character of the testimony to be introduced, the court excluded the public from the court room, and the case proceeded in the presence of the jury, the defendant, counsel, and the regular officers of the court.

The prosecuting witness was a small girl about the age of thirteen years; she testified substantially that the defendant invited her to his room together with two other young companions, and there, in the presence of all, had unlawful intercourse with her, as well as with her

companions. There was no particular force about the act, as the girls seemed willing to submit to the treatment accorded them; that some promise of small remuneration on the part of the defendant, was made. The testimony of these three young girls, constituted about all that was offered on the part of the state, and about all the testimony material to the conviction of the defendant.

As a matter of precaution, the court ordered these three young girls kept separate and apart and without the hearing of each other while giving testimony. Their evidence was substantially of the same character, as tending to fix the guilt upon the defendant. The defendant offered little or no evidence in his own behalf except his own testimony, which was largely a plain denial of the charges made by the prosecuting witness and her companions. At the close of the testimony, the court instructed the jury, and argument followed. Deputy District Attorney Elliott opened the case for the people, followed by Mr. Ward and Mr. Talbot for the defendant, the closing remarks being made by Deputy District Attorney Haines.

Counsel for defendant filed a motion accompanied by affidavit charging the use of improper remarks by Mr. Haines in his closing address to the jury; the court has read the motion and affidavit very carefully, and concedes that many of the statements made therein are probably correct; but that it is largely of a fragmentary character in not setting forth the entire remarks of the district attorney, thereby showing under what circumstances the remarks were made. However, the court was not called upon, or asked at the time this language was used, to check the district attorney, until at a certain point of the argument when objection was made, whereupon the court stopped the prosecuting attorney, and cautioned him as follows:

"Mr. Haines, you will please desist from any further

reference to public sentiment in this case, as we are trying it upon the facts and the evidence, which alone must control the guilt or innocence of the accused. You have made one or two statements here about the defendant of which I do not approve, and I will now call your attention to them: Such statements as referring to the defendant as a 'beast,' 'brute' or 'thing,' or using other harsh names, are improper, and if I thought the jury would be influenced by such language, I would give them pretty strong instructions regarding it. This matter of appealing to public sentiment, is often indulged in by the district attorney, and is not proper, and case after case has been reversed on these grounds, as the district attorney knows full well, and the judge permitting such argument has often been criticised, by the higher courts and new trials ordered. I therefore, caution you not to use this language in the way you have been proceeding, and I desire to say to the jury that I hope this is not a matter that will sway your minds."

Counsel for defendant seems to think that these remarks of the court did not tend to cure the error, and has cited a number of authorities tending to support this contention; we have examined them, and find that while they universally condemn the language alleged to have been used by the district attorney, still every case shows that objection was duly made at the right time, and the courts attention called to it, and the court having refused to check the line of argument, exceptions being duly taken, the same was considered reversible error.

It is not always an easy matter to control the argument of counsel in any criminal case, as it is impossible for a court to foretell the character of language that is liable to be used by an attorney in his address to the jury. The only reasonable thing that a court can do is when the argument becomes of an improper character to stop the speaker and caution him against using it, and when

insisted in, to enforce the law of contempt.

In this particular case I have no desire to impose the penalties of the law upon the defendant, if he has not had a fair and impartial trial.

The terms "brute," "beast" and "thing" while they find their place in our dictionaries, still, are seldom consistent with good, cool, calm demeanor on the part of the public prosecutor, necessary to show that he has no desire to inflict punishment upon a man through jury trial in a court of justice unless the defendant is actually guilty. In this case, however, the testimony tended to show an act of indecency. which could reasonably be characterized as beastly, brutal and of the most shameful character; I presume it would not be transcending the line of legitimate argument to use these expressions provided they did not involve themselves into direct personal abuse of defendant outside the testimony in the case.

The object of the law is to give every man charged with crime a fair and impartial trial, free from bias or prejudice, not accompanied by appealing to the passions of men in an inflammable speech, or in an excitable manner. I cannot say that Mr. Haines succeeded in unduly swaying the minds of the jury. His remarks were largely of a caustic and humorous nature, and did not partake of that seriousness which sometimes lead to convictions on account of their forcible utterance.

The motion calls my attention to another feature of the argument used in regard to criticising the defendant's attorneys for their manner of conducting the defense, and for their absence from the court room. This, as the court recollects, was also spoken in rather a humorous vein, but forcible enough to cause the defendant's attorney, Mr. Talbot, to return to the court room where he properly belonged. From this time on, the counsel being present in the court room, no objection to the district attorney's remarks were made, aside from the objections above

mentioned, as we now recall it.

I am well aware that the superior courts of our land are exceedingly jealous of the rights of a defendant on trial for any crime; they hold that every trial court should carry within its precincts such dignity and judicial bearing as will commend itself to the ordinary respect of mankind. That improper argument by the district attorney in his closing remarks to the jury which resolves itself into personal abuse of the defendant, thereby tending to unduly inflame the minds of the jury and prejudice them against the defendant, is considered a very flagrant violation of the right of trial in criminal cases.

I think that the caution herewith given by the court was sufficient to cure any possible error that might have occurred. That taking the case as a whole, considering the nature and character of the evidence introduced, and the able defense made by counsel for the defendant, no error has been committed sufficient to warrant a new trial.

The following authorities were cited: Herron v. People, 62 Pac. Rep. (Colo) 833; Heller v. People, 22 Colo. 11; Smith v. People, 8 Colo. 461; Evans v. People 72 Mich. 367; State v.Bobbst, 131 Mo. 328; State v. Fischer, 124 Mo. 460; State v. Ulrich, 110 Mo. 350; State v. Young, 99 Mo. 666; State v. Proctor, 86 Iowa 698; Bennet v. State, 86 Iowa 401; Parks v. State, 35 Tex. Crim. Rep. 378.

Therefore, the motion will be denied.