49 445
81 209

· THE STATE OF MISSOURI, Respondent, v. SAMUEL POLLOCK, Appellant.

### Kansas City Court of Appeals, April 25, 1892.

1. **Carrying Concealed Weapons:** EVIDENCE: OFFICER. In defense of a prosecution for carrying concealed weapons, in a court-house during the sitting of court, the defendant may show he had the weapon for the purpose of producing it on the trial of a suit then pending; and also that he was a deputy constable authorized to execute process, warrants, etc., and the rejection of such evidence is error.

2. ———: CONSTABLE OUT OF HIS TOWNSHIP. A deputy constable has powers and duties over his entire county, and his being out of his township will not deprive him of his right to show his official character as defense in a prosecution for carrying concealed weapons.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED.

*John W. Stoaks* and *John Kennish,* for appellant.

(1) The court erred in excluding evidence that defendant was a deputy constable. R. S. 1889, sec. 3503; *Clayton v. State,* 17 S. W. Rep. 261; R. S. 1889, sec. 2380. (2) Instructions, numbered 2 and 3, for the defense should have been given. R. S. 1889, sec. 3503; *Clayton v. State,* 17 S. W. Rep. 261; R. S. 1889, sec. 2380; *Williams v. State,* 42 Tex. 466.

*William E. Stubbs,* for respondent.

The court very properly instructed the jury as to the law. R. S. 1889, sec. 3502. The court committed no error in refusing to give instruction, numbered 1, asked by the defendant; for the motive of the defendant

is immaterial unless it amounts to a justification under the statute. 7 Black, 572. The court did not err in excluding evidence that defendant was a deputy constable, for the defendant's own testimony showed he was not carrying the pistol in the capacity of an officer. The court did not err in refusing to give instruction, numbered 2, asked by the defendant, for the right of an officer to bear firearms is limited to carrying them in the proper and necessary discharge of his official duties. *State v. Wisdom*, 84 Mo. 177.

ELLISON, J.—On the twenty-ninth day of April, 1891, at the April term of the Holt circuit court, the defendant was tried by a jury, and convicted on an information, under section 3502 of Revised Statutes, 1889, charging him with the offense of going into a court-room in Holt county, during the sitting of court, having upon and about his person a deadly weapon, to-wit, a revolving pistol.

On the trial, after the state had introduced evidence tending to prove the issues on its part, the defendant in his defense offered to introduce evidence tending to prove that, at the time and place he was charged with carrying the pistol, he was a defendant in a criminal prosecution then on trial, in which he was charged with using the pistol, and that he carried it into the court-room at that time believing that he would be required to produce it in evidence, and *for no other purpose*. Defendant also offered to introduce evidence tending to prove that at the time and place mentioned in the information he was a deputy constable of Benton township, in Holt county, and that as such officer he was authorized to execute process and warrants, and to make arrests anywhere in said county.

These offers were rejected. Instructions placing such hypotheses to the jury were refused. We must

hold the rulings of the trial court to be error under the decisions of the St. Louis Court of Appeals in *State v. Larkin*, 24 Mo. App. 410, and *State v. Roberts*, 39 Mo. App. 47.

It was stated at the argument that the exclusion of evidence showing defendant's official character was on the ground that he was not in the township of which he was constable. This is not a sufficient objection. He was in the county in which his township was located, and as such officer he had powers and duties over the entire county. R. S. 1889, sec. 2380. It has been held in *Clayton v. State*, 21 Tex. App.; s. c., 19 S. W. Rep. 261, that a deputy sheriff would not be amenable to a similar statute to ours for carrying weapons in another county, even though he be there on private business. And in *Williams v. State*, 42 Tex. 466, under a statute which declared that, "If any person shall go into any church * * * and shall have or carry about his person any pistol * * * unless an officer of the peace, he shall be guilty of a misdemeanor," etc.; it was held that the defense was made out by showing that the accused was such officer without showing that he was at the time and place engaged in the discharge of his duties as such officer.

The judgment will be reversed and the cause remanded. All concur.