THE STATE OF MISSOURI, Respondent, v. LAWRENCE MOSBY, Appellant.

### Kansas City Court of Appeals, October 30, 1899.

Carrying Weapon: OFFICER'S EXHIBITING: STATUTE. A constable is not amenable to the provisions of section 3502, Revised Statutes 1889, for exhibiting a pistol in a rude and angry and threatening manner, whether in the discharge of his official duty or not, since he is exempted by section 3503.

Appeal from the Johnson Circuit Court.—*Hon. W. W. Wood,* Judge.

REVERSED AND DEFENDANT DISCHARGED.

*S. J. Caudle* and *C. E. Morrow,* for appellant.

(1) The defendant was an officer and is exempted from the operation of section 3502, Revised Statutes 1889. R. S. 1889, sec. 3503; Clayton v. State, 21 Tex. App. 17 S. W. Rep. 261; Williams v. State, 42 Tex. 466; State v. Pollock, 49 Mo. App. 445. (2) When it was admitted that the defendant was constable of Columbus township at the time of the alleged offense, he was entitled to his discharge, regardless of whether he was acting as an officer at the time. R. S. 1889, secs. 2380, 3503; State v. Pollock, 49 Mo. App. 445; Clayton v. State, 21 Tex. App. 17 S. W. Rep. 261; Williams v. State, 42 Tex. 466.

*Nick M. Bradley* for respondent.

(1) The fact that defendant was an officer does not exempt him from the provisions of section 3502, Revised Statutes 1889 unless he was at the time acting in his official capacity and in the proper and necessary discharge of his official duty.

State v. Wisdom, 84 Mo. 177; State v. Julian, 25 Mo. App. 133.

GILL, J.—Defendant was tried and found guilty in the court below for exhibiting a pistol in a rude, angry or threatening manner in the presence of several persons, contrary to the provisions of section 3502, Revised Statutes 1889. At the time of the alleged offense the defendant was a constable, and it seems that on the day in question he was present at the town of Centreview in his county where several persons were engaged in an affray. It is undisputed that defendant then and there, in the presence of others, displayed a revolver; but whether done in the necessary discharge of his duty to enforce peace and order the testimony is conflicting.

At the close of the evidence—it being conceded that at the time of the alleged offense the defendant was constable—an instruction in the nature of a demurrer thereto was offered, but refused; and the court in effect gave the case to the jury on the theory that if defendant was at the time acting as an officer and exhibited the pistol for the mere purpose of enforcing order and to suppress the fighting, then defendant was not guilty. If otherwise then he was guilty as charged in the information.

The jury returned a verdict of guilty, fixing the punishment at a fine of $100 and defendant appealed.

The defendant was not amenable to the statute under which he was prosecuted and should have been discharged. Said statute (section 3502) in effect makes it an offense to carry any dangerous or deadly weapon concealed on one's person, etc., etc., "or * * * in the presence of one or more persons exhibit any such weapon in a rude, angry or threatening manner." Then follows section 3503 which provides that "the next preceding section (3502) shall not apply to police officers, nor to any officer whose duty it is to execute process or warrants, or to suppress breaches of the peace, or make arrests."

It is clear that the defendant came within the persons last designated. He was manifestly within those excepted from the operation of section 3502. This being so then the statute could not apply to him whether he was at the time engaged in the proper performance of his duties or not. The exemption has no such qualification. Section 3503 absolutely and unequivocally relieves all police officers, constables and the like from the operation of the provisions of the preceding section. And since there is no doubtful language used it is not in the province of the courts to modify or change its obvious import.

As to this defendant the matter stands as though no such statute as 3502 had ever been enacted. There is no such offense at common law as the one charged against the defendant, and as the statute has no application to him, he ought to have been discharged.

The case of Williams v. State, 42 Tex. 466, is in point. There a policeman was prosecuted for carrying a pistol while in church. Under a statute similar to ours "officers of the peace" were exempted. The trial court however directed the jury that the defendant could not justify or excuse the act by showing that he was a policeman "unless it appears from the evidence that at the time of the act he was in actual service as a policeman, and in the discharge of his duties at the time and place charged." The Texas supreme court held this to be error, that the trial court went beyond the statute, and that the defense was made out by a mere showing that the defendant was at the time a police officer, regardless of the fact as to whether or not he was at the time of the alleged offense in the discharge of his duties as such.

Support for defendant's position is also found in State v. Pollock, 49 Mo. App. 445.

The judgment of the trial court will be reversed and the defendant discharged. All concur.