THE STATE OF MISSOURI, Respondent, v. JOSEPH LIPP, Appellant.

Kansas City Court of Appeals, May 4, 1908.

1. CRIMINAL LAW: Exhibition of Weapon: Resisting Trespassers: Instruction. On a prosecution for exhibiting a deadly weapon in a threatening manner an instruction that the defendant had a right to keep trespassers off his premises, went on to say "if he used more force than was necessary under the circumstances, the jury will find him guilty," is considered error, since the jury were left at liberty to consider something other than the exhibition of the gun as rendering the defendant guilty.

2. ——: ——: ——: ——. An instruction telling the jury that if the property-owner after posting his premises saw persons entering the same by tearing down his fences who refused to leave said premises when requested, and started to assault him, then he had a right to draw his gun in a threatening manner, is approved.

Appeal from Putnam Circuit Court.—*Hon. George W. Wanamaker*, Judge.

REVERSED AND REMANDED.

*John C. McKinley* and *N. A. Franklin* for appellant.

(1) It was error for the court to give instruction numbered 1 on behalf of the State; the instruction is broader than the complaint. Pattison's Instructions in Criminal Cases, sec. 5, p. 34; State v. Hays, 36 Mo. 80; 2 Ency. Plead. & Prac., 167. This rule also applies in civil cases. Glass v. Gelvin, 80 Mo. 302; Brown v. Railroad, 80 Mo. 460; Moffatt v. Conkling, 35 Mo. 457; Camp v. Heelan, 43 Mo. 591; 2 Ency. Plead. & Prac., pp. 158, 159, 164. (2) But the rule is stronger in favor of defendants in criminal cases. 2 Ency. Plead. & Prac., p. 167; State v. Smith, 119 Mo. 447; State v. Curran, 18 Mo. 320; State v. Houston, 19 Mo. 211; State v. English, 67 Mo. 136. (3) The court erred in submitting the State's instruction numbered 3. Authorities supra; State v. Wertz, 191 Mo. 585; State v. Harris, 150 Mo. 62. (4) Although defendant's refused instruction numbered 2 might not have been technically correct, it seems to us that he was entitled to an instruction telling the jury in effect, that if the prosecuting witness had entered his premises against his admonition and refused to leave when told to then the defendant had a right to make such demonstrations as were reasonably necessary to cause them to leave his premises, but not amounting to endangering their lives or to do them any great bodily harm. State v. Seal, 47 Mo. App. 607. (5) The instruction as prayed was a sufficient request to the court to give a proper instruction along the line indicated even if faulty. State v. Clark, 147 Mo. 20, 38; State v. Reed, 154 Mo. 122, 129.

*Frank D. Goul,* for respondent, filed no briefs.

ELLISON, J.—Defendant was convicted of exhibiting a deadly weapon (a loaded shotgun) in a rude, angry and threatening manner in the presence of three persons.

The evidence tended to show that different persons had been taking down defendant's fence and driving through a part of his farm. He put up a sign warning people to keep out. Perhaps the next day he noticed Clarence Towell and two Fleshmans drive up in a wagon, take down his fence and sign and drive into his premises. He got his gun at the house and went down to meet them. He ordered them back and they drove out. The evidence at this point tends to show that they resented his turning them back and called him vile and insulting names, and challenged him to put down his gun and come outside when they would whip him. There was evidence further tending to show that he drew his gun upon one or more of them.

Defendant denied drawing the gun. He testified that he procured the gun when he saw the trespass being committed, and went to meet them for the purpose of forbidding them going over his premises; that he took the gun along only for the purpose of protection in case all of them assaulted him in resentment of his ordering them out.

Instruction numbered 3 for the State was erroneous in that it was misleading. While recognizing defendant's right to keep trespassers off his premises, it went on to say that if "he used more force than was necessary under the circumstances they will find him guilty." Considering the evidence of all that passed between the parties when they met, in connection with the specific charge of exhibiting a deadly weapon in an angry and threatening manner, the jury were left at liberty to consider something other than the exhibition of the gun as rendering defendant guilty.

Though one may resist a trespass on his property, he cannot be allowed to kill the trespasser. But if defendant went to meet the trespassers to forbid them going through his premises and turn them back, it was a rightful purpose; and if he took his gun along only

to resist attack in case an attack should be made upon him for thus asserting his lawful right; and if he made no demonstrations with the gun except in resistance to the approach of the trespassers upon him for the purpose of assault, he did not commit an offense. [State v. Evans, 124 Mo. 397; State v. Matthews, 148 Mo. 185; Davis v Modern Woodmen, 98 Mo. App. 713, 720.]

In this view of the law defendant's refused instruction numbered 2 should be given on retrial, amended by the words included in parenthesis, viz.: "The jury are instructed that if they find and believe from the evidence that the defendant at the time of the alleged offense was within his enclosure, and he had posted notices forbidding persons from entering same, and that the witnesses in violation of the terms of such notices wrongfully tore down defendant's fence so enclosing his said land and entered thereon, and refused to leave said premises, when defendant requested them so to do (and started to assault him); then defendant had a right to draw his gun on them in a threatening manner."

The judgment is reversed and the cause remanded. All concur.