STATE v. FRANK PLASSARD, Appellant.—No. 39770.—195 S. W. (2d) 495.

Court en Banc, June 10, 1946.

*Thomas A. Johnson* and *Leo H. Johnson* for appellant.

*J. E. Taylor,* Attorney General, and *Aubrey R. Hammett, Jr.,* Assistant Attorney General, for respondent.

DOUGLAS, J.—Appellant was convicted of feloniously exhibiting a deadly weapon.

Appellant and Louis Plassard were brothers. Louis died in 1941. He left surviving him his widow, Marie, and several daughters. The two daughters involved in this case are Henrietta and Marie Francoise. Louis was a man of property. During his lifetime he and his wife owned two farms as tenants by the entirety. Upon his death his widow became the sole owner. Shortly after his death the widow conveyed the farms to the two daughters, reserving a life estate in herself. In March, 1943 appellant moved from Oklahoma to Missouri.

He moved in the "old home place" of Louis and Marie Plassard. It was on a forty-acre farm. The terms of appellant's occupancy were apparently agreed on at a family gathering which included appellant, his wife, the widow, and her daughters Henrietta and Marie Francoise. The latter prepared a written instrument covering appellant's occupancy. The instrument gave appellant possession of the "house and some ground, (comprising garden plot and chicken range) on what is known as the 'old home place,' situated in Sec. 31, Township 24, Range 34, to Mr. Francois Plassard, (our uncle) for the duration of his life . . . ." The instrument was signed by the two daughters and was witnessed by appellant and his wife. Appellant requested the widow who held the life estate also to sign it but she refused saying: "I have signed all I am going to sign." He received no written permission for his occupancy from the widow. Appellant and his wife moved into the house. He proceeded to put it in repair. He expected to establish a chicken ranch.

Trouble soon arose about the amount of land appellant was to occupy. Fences were built by the two daughters. A dispute arose whether appellant was entitled to occupy the entire forty acres. It was brought to a head by the widow sending her two daughters to supervise the plowing of the forty acres for planting corn. They were accompanied by a man who was to help in removing heavy tools and implements from their truck. The man happened to be a deputy constable from an adjoining township. He was not present in his official capacity, he had no writ or warrant. They were met at the gate leading from the county road into the property by another man with a tractor. He was to do the plowing. As the girls and the constable opened the gate, appellant warned them to keep out. They persisted in entering. Appellant went to the house to get his 22 rifle, the constable to his automobile to get his gun. Appellant fired one shot harmlessly, whether in the air or in the ground is not established, and the visitors withdrew and drove away. Appellant was thereafter arrested, tried and convicted. He received the minimum sentence, a one-hundred dollar fine.

The case was appealed to the Springfield Court of Appeals. 190 S. W. (2d) 464. That court transferred it here because it was a felony case. This court has exclusive jurisdiction of felony cases under the Constitution. Art. VI, Sec. 12 Constitution 1875. Section 4423 R. S. 1939 which established the crime charged, provided as punishment either imprisonment in the penitentiary or in the county jail, or a fine from one hundred to one thousand dollars.

Since the crime may be punishable by imprisonment in the penitentiary it is a felony by reason of Section 4864 R. S. 1939. The crime was held to be a felony in State v. Brown, 306 Mo. 532, 267 S. W. 864. Merely because a lesser punishment than imprisonment in the penitentiary is authorized and was in fact imposed in this case the of-

fense was not reduced to a misdemeanor. State v. Melton, 117 Mo. 618, 23 S. W. 889.

■ Appellant complains about the giving of the instructions offered by the state ■ and the refusal of the instructions he offered. However, we may not consider this point because it was not properly preserved in the motion for new trial. In the motion there was the bare allegation that "the court committed error in giving instructions 1 and 2 and refusing to give A and B over objections of defendant." This allegation failed to observe the requirement demanded by Section 4125 R. S. 1939 in criminal cases for statement in detail and with particularity. In State v. January, 353 Mo. 324, 182 S. W. (2d) 323 the court said: "Defendant's assertion in his motion for new trial that instructions specified only by number were erroneous, without more, is insufficient to preserve any issue with respect thereto."

■ Appellant also complains about the refusal of the trial court to admit evidence offered by him to establish his right to possession of the forty acres. In this he must be sustained.

Appellant attempted to show that besides the written instrument executed by the daughters he had an oral agreement with the widow covering the period of her life estate which gave him the right to occupy the forty acres. Evidence of such an oral agreement, if there was one, was properly admissible. Such an oral agreement could not be held to vary the terms of the written instrument or to be inconsistent or contradictory to the written instrument. It was with a different party, the widow, who was not a party to the written instrument, and who held a different interest in the land. An oral agreement with the life tenant effective for the period of her life would be consistent with a written agreement with the remaindermen covering a period subsequent to the termination of the life tenancy.

■ Other objections to the introduction of evidence about an oral agreement with the widow were likewise not valid.

The general power of the life tenant to make an agreement leasing property for any term less than her own is unquestioned. See Matlack v. Kline, 280 Mo. 139, 216 S. W. 323.

An oral lease is expressly recognized by statute. Section 3352, R. S. 1939 declares an oral lease has the effect of a lease at will only.

The life tenant could make a binding oral agreement for the occupancy of the home place. In See v. See (Mo.), 237 S. W. 795 the court held that an oral contract with the life tenant for the rental of a farm was not within the Statute of Frauds because it could be performed within a year.

Furthermore, evidence about the circumstances under which appellant made repairs and improvements to the house all done with the apparent knowledge and consent of the widow should have been admitted. Such evidence might have tended to establish the oral agreement.

Under the facts of this case appellant's only defense to the charge against him turned on his right to possession of the land involved. If he was defending his home and property he had a constitutional right to bear arms. Art. II, Sec. 17, Constitution 1875. If he was not, he was unlawfully threatening others which the statute seeks to prevent. He should have been accorded the opportunity to establish his right to possession by relevant evidence. If he was entitled to the possession of the forty acres in question then the intrusion of the daughters and others amounted to a trespass which appellant could rightfully resist. "Though one may resist trespass on his property, he cannot be allowed to kill the trespasser. But if defendant went to meet the trespassers to forbid them going through his premises and turn them back, it was a rightful purpose; and if he took his gun along only to resist attack in case an attack should be made upon him for thus asserting his lawful right, and if he made no demonstrations with the gun except in resistance to the approach of the trespassers upon him for the purpose of assault, he did not commit an offense. State v. Evans, 124 Mo. 397, 28 S. W. 8; State v. Matthews, 148 Mo. 185, 49 S. W. 1085, 71 Am. St. Rep. 594; Davis v. Modern Woodmen, 98 Mo. App. 713, 720, 73 S. W. 923." State v. Lipp, 130 Mo. App. 398, 110 S. W. 4.

The exclusion of the evidence offered by appellant was prejudicial and deprived appellant of a fair trial.

The judgment is reversed and the cause remanded. All concur.