258 S.W.2d 662 (1953)
STATE
v.
OWEN.
No. 43463.
Supreme Court of Missouri, Division No. 1.
June 8, 1953.
*663 Sapp & Bear and David V. Bear, Columbia, for appellant.
John M. Dalton, Atty. Gen. and Will F. Berry, Jr., Asst. Atty. Gen., for respondent.
CONKLING, Judge.
H. F. Owen, Jr., defendant below, appealed from a finding of guilty after a trial before the Court upon a charge of unlawfully and feloniously exhibiting a deadly weapon in a rude, angry and threatening manner, in violation of Section 564.610. [Statutory references are all to RSMo 1949 and V.A.M.S. unless otherwise indicated.] Trial by jury was waived by the parties with the assent of the Court. It was the sentence and judgment of the trial court that defendant's punishment be fixed at a fine of $250.
This appeal squarely presents to us the basic question of whether Section 564.610 applies to sheriffs, deputy sheriffs and "other persons whose bona fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace" when such persons are not acting in the line of their official duty and are outside the geographical boundaries of the territory for which they were commissioned and in which they could claim any authority or jurisdiction as an officer.
That part of Section 564.610 of our statutes here material is as follows: "If any person * * * shall, in the presence of one or more persons, exhibit any such weapons in a rude, angry or threatening manner, * * * he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding two years, or by fine of not less than one hundred nor more than one thousand dollars, or by imprisonment in the county jail not less than fifty days nor more than one year, or by both such fine and imprisonment; provided, that nothing contained in this section shall apply to legally qualified sheriffs, police officers and other persons whose bona fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace, nor to persons traveling in a continuous journey peaceably through this state."
It is above provided that the offense is a felony and the appeal upon conviction therefor properly comes to this court, although only a fine was imposed upon the *664 finding of guilty. State v. Plassard, 355 Mo. 90, 195 S.W.2d 495.
The record before us tends to establish: that on April 24, 1952, the defendant, then thirty-one years of age and prosecuting attorney of Taney County, Missouri, was in Columbia, Boone County, Missouri, for purposes of his own which had no connection with any duty as deputy sheriff; that on that date defendant was also a "deputy sheriff of Taney County, Missouri," having been so commissioned by the Taney County, Missouri, sheriff on February 26, 1951, and again on April 9, 1952; that about 11:00 p. m., on the evening in question defendant was driving his automobile in the Negro section of the City of Columbia looking [as defendant testified] for a Negro acquaintance named Tom [whose last name defendant did not even know] but to whom defendant intended to give some whiskey. Defendant testified that he had been "drinking some on this evening" but that he was not intoxicated.
From the State's testimony the Court could have found that the defendant drove his car to a point in front of a cafe known as the "Blue and White," a cafe apparently frequented by Negroes; that defendant there became involved in a discussion with a large number of Negro patrons and swore at and cursed them; that without provocation defendant "stuck his hand out [of his car] and ordered the Negroes to `Run' and fired two shots" from a pistol and later fired three more shots; that some of the shots broke some of the windows in the cafe.
Defendant's testimony was that on this occasion he was in Boone County solely for purposes of his own which had no connection whatever with any official duty as deputy sheriff; that while in front of the "Blue and White" cafe his car was surrounded by angry Negroes who were taunting him; that under those circumstances he was apprehensive of his personal safety; and that he then drew an automatic pistol from the glove compartment of his car and fired down at the ground to make the Negroes "move * * * out of my way, out of the road."
Defendant does not here contend that the evidence before us of record does not prove the offense charged, but, relying upon his Taney County Commission as deputy sheriff, defendant contends that he cannot be convicted under the above statute "since said section specifically exempts legally qualified sheriffs."
Defendant cites and relies upon State v. Pollock, 49 Mo.App. 445, State v. Mosby, 81 Mo.App. 207, and State v. Whitehead, Mo.Sup., 295 S.W. 746. In each of those cases the defendant had been prosecuted under the statute which is now Section 564.610, and in each of those cases the defendant was a constable, but in those cases the alleged offense occurred in his home county where defendant had jurisdiction as such officer. In those cases it was held that constables stand on the same footing as sheriffs, and for that reason the constables in those cases were exempt from prosecution under the above statute. Those cases are therefore clearly distinguishable, and do not rule this case.
It is to be noted that in this case defendant plants his defense and his claimed exclusion from prosecution under this statute squarely and wholly upon his commission and status as a deputy sheriff of Taney County, Missouri. That commission, in the record as defendant's Exhibit 1, was in words and figures as follows:

"G. L. Hunt Sheriff of Taney County Forsyth, Missouri

April 9, 1952
I, G. L. Hunt, Sheriff of Taney County, Missouri, Hereby appoint H. F. Owen, Jr. as a Deputy Sheriff of Taney County, Missouri, and to serve as same through my term of office, unless this appointment shall be revoked by me.
 s/ G. L. Hunt
 Sheriff of Taney County, Missouri
I, H. F. Owen, Jr., hereby solemnly swear that I will support the Constitution of the United States of America and the Constitution of the State of Missouri, and that I will faithfully demean my self in office as a Deputy Sheriff of Taney County, Missouri, *665 to which I am here appointed, So Help Me God. s/ H. F. Owen, Jr. Deputy Sheriff of Taney County, Missouri Subscribed and sworn to before me this 9th day of April, 1952.
 s/ Eric Wolf
 Notary Public
My commission expires on the 12th day of December, 1954."
Defendant testified that commission was issued to him under the authority of Section 57.110 authorizing the appointment of emergency deputy sheriffs who shall serve within the county for "not exceeding thirty days." Under Section 57.270, "Every deputy sheriff shall possess all the powers and may perform any of the duties prescribed by law to be performed by the sheriff."
The powers, authority and duties of sheriffs, and of emergency deputy sheriffs such as defendant, are limited primarily to the county of the sheriff's election, the county for which the deputy sheriff is commissioned. In this case and under the instant circumstances defendant's power and authority was limited to Taney County. Section 57.110, State on inf. McKittrick, Att'y Gen. v. Williams, Sheriff, 346 Mo. 1003, 144 S.W.2d 98, 104, 80 C.J.S., Sheriffs and Constables, § 36, p. 205. Defendant was a deputy sheriff in Taney County, but under instant circumstances he was not a deputy sheriff in Boone County. When in another county upon official business, which originates in the county of his election or appointment, a sheriff or his deputy clearly is entitled to the immunity of Section 564.610. But under these circumstances when in Boone County defendant was not entitled to the immunity of Section 564.610.
It may be conceded that the exemption of Section 564.610 was written into that statute for obviously sound reasons. When within the territorial limits of his own county, the sheriff or his commissioned deputy may be called upon at any time to perform duties which may require the use or display of the weapons listed by this statute. But when such a deputy sheriff commissioned as above is on business of his own and in another county hundreds of miles from the county wherein he has deputy sheriff authority, and where he could not be called upon under any circumstances to conserve the peace or execute process or make arrests or use deadly weapons there is no logical reason whatever for the application of the exception.
To construe the statute as contended for by defendant would produce a situation wholly out of accord with the legislative intent behind the statute's enactment. To construe the statute as contended by defendant would clothe any emergency deputy sheriff with license to go into any other county of the state upon purely personal matters and there to commit with impunity acts which if there committed by an ordinary citizen of such county would plainly violate this statute.
We rule that defendant's contention that under these circumstances the exclusion of this statute protected him from prosecution thereunder is without merit.
Defendant also urges that the trial court erred in admitting incompetent testimony respecting a purported statement made by defendant to a Negro boy, Robert Rogers, as to defendant's purpose in being in that section of Columbia on the occasion in question. It is claimed that the purported statement of defendant was made about 30 minutes before the alleged offense was proved to have been committed.
In view of the conclusion we have reached respecting this matter we deem it unnecessary to here set out the detail of the statement purported to have been made by defendant.
This case was not tried to a jury but was tried to the Court alone. But in defendant's brief it is asserted that the purported statement of defendant "served to prejudice and offend the conscience of the trial judge to such a degree that he closed his mind to what is clearly the law of Missouri as asserted under Point I hereof." It does not appear from anything before us that there was any prejudicial effect upon the trial judge of the statement by the witness or that it caused the able and learned trial judge to rule any question in this case contrary to the law.
*666 And the record before us shows that while the statement of the witness Rogers with respect to something the defendant is purported to have said prior to the commission of the offense, was merely a gratuitous addition to an answer made by Rogers, defendant made no motion to have the same stricken or excluded from consideration. Failure by defendant to so move is held to be a waiver. State v. Eisenhour, 132 Mo. 140, 33 S.W. 785, State v. Sykes, 191 Mo. 62, 89 S.W. 851, State v. Austin, Mo.Sup., 29 S.W.2d 686. This last contention of defendant is without merit and is denied.
Why one who holds the dignified office of attorney at law and chief prosecuting law officer of a county would accept a commission as deputy sheriff is beyond understanding. No compatibility between the two positions is apparent to us. The two do not supplement each other, but are antagonistic. Even at common law an attorney at law had the privilege of an exemption from performing the duties of a sheriff. State ex rel. Bradford v. Dinwiddie, Mo.Sup. 237 S.W.2d 179, 182.
The judgment appealed from is affirmed. It is so ordered.
All concur.