**STATE of Missouri, Plaintiff-Respondent,**

v.

**Clyde COMBS, Defendant-Appellant.**

**No. 7647.**

Springfield Court of Appeals.
Missouri.

May 8, 1957.

Douglas Mahnkey, Forsyth, for defendant-appellant.

Clay Cantwell, Branson, for plaintiff-respondent.

STONE, Judge.

Defendant was charged by information with "unlawfully, willfully and feloniously" operating a motor vehicle on the public highways of Taney County, Missouri, while in an intoxicated condition [Section 564.-440]; and, upon trial by jury, he was found guilty and his punishment was assessed at a fine of $100. (All statutory references are to RSMo 1949, V.A.M.S.) Having appealed to this court, defendant has filed a motion under Supreme Court Rule 28.12 that we fix the terms on which he may be admitted to bail.

The pertinent portion of Rule 28.12 provides that "where the defendant is unable to give bail at the time appeal is taken, he may, at any time while the case is pending on appeal, *apply to the appellate court having jurisdiction of the appeal* and be admitted to bail on such terms as the appellate court may prescribe." (Emphasis ours) Although our appellate jurisdiction is not challenged, our initial duty is to inquire into and determine the jurisdictional question which obtrudes on the face of defendant's motion and the certified copies of the information and judgment presented. State v. Plassard, Mo.App., 190 S.W.2d 464(1). Consult also Taney County v. Addington, Mo.App., 296 S.W.2d 129(1), and cases there cited.

By the express language of Section 564.460 [as amended Laws of 1953, p. 416], the offense, with which defendant was charged, *might* have been punished by imprisonment in the penitentiary and was a felony. State v. Box, Mo., 169 S.W.2d 393. See also Section 556.020; State v. Garner, 360 Mo. 50, 226 S.W.2d 604, 606(1). That the jury assessed only a fine, as was authorized also by Section 564.460, did not reduce the offense to a misdemeanor. State v. Plassard, 355 Mo. 90, 195 S.W.2d 495,

496. Clearly, we are without jurisdiction and the cause should be transferred to the Supreme Court. Const. of Mo., Article 5, Section 3; State v. Box, supra; State v. Owen, Mo., 258 S.W.2d 662, 663(1); State v. Klink, 363 Mo. 907, 254 S.W.2d 650, 651 (1); State v. Ready, Mo., 251 S.W.2d 680, 681(1). See also State v. Ryan, Mo., 275 S.W.2d 350.

■ Since defendant's motion is not addressed "to the appellate court having jurisdiction of the appeal" [Supreme Court Rule 28.12], it is denied without prejudice; and, the clerk of this court is directed to transfer this cause forthwith [Section 477.-080], together with a copy of this opinion and order, to the clerk of the Supreme Court of Missouri.

McDOWELL, P. J., and RUARK, J., concur.