**UNITED STATES of America,**
**Plaintiff,**

v.

**Harold HEARD, Jr., Defendant.**

**No. 22385.**

United States District Court
W. D. Missouri, W. D.

May 5, 1967.

---

Russell Millin, Dist. Atty., by William A. Kitchen, Asst. Dist. Atty., Kansas City, Mo., for plaintiff.

J. Whitfield Moody, Public Defender, Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

On March 31, 1967, by duly filed information Harold Heard, Jr., was charged with "on or about February 11, 1967, at Excelsior Springs, Missouri, on the premises of the Job Corps Center, the same being lands acquired for the use of the United States and under the jurisdiction thereof * * * in a place where people were assembled for social purposes" carrying concealed upon or about his person a dangerous or deadly weapon, to wit, a loaded .22 caliber revolver, in violation of Section 564.610, Revised Statutes of Missouri, 1949, all in violation of Sections 7 and 13, Title 18, United States Code. Defendant Heard has executed the usual waiver of prosecution by indictment and consent that the proceeding may be by information, subject to the stipulation that by executing the waiver he does not forego any right to challenge the information for its failure to state a violation of law cognizable by a federal court. Specifically, defendant has moved to dismiss the information for the reasons:

"1. That the said sections 7 and 13 when used in connection with the provisions of a State Statute are unconstitutional in that it permits a person charged under those sections with the violation of a state crime to be placed twice in jeopardy for the same offense in violation of the Fifth Amendment to the United States Constitution.

"2. That Section 564.610, Revised Statutes of Missouri, 1949, as amended, is unconstitutional in that it is vague and indefinite and provides penalties which would constitute either a felony or a misdemeanor for the same act without describing which acts shall constitute a conviction for a misdemeanor or for a felony.

"3. That the acts charged in the information did not occur on land required for the use of the United States and that therefore the United States Government does not have jurisdiction to prosecute this defendant for the acts which are alleged to have occurred."

An evidentiary hearing was held at defendant's counsel's request relative to the Motion to Dismiss the information. At that hearing through evidence adduced by the Government, which defendant does not challenge, the following facts emerge, and are hereby found by the Court to exist:

The land comprising the Veterans Administration Hospital reservation, Excelsior Springs, Missouri, consisting of approximately 24.6 acres was acquired in parcels by the United States in the years 1922, 1929, 1930 and 1937 from E. L. Morse and his wife, Harriet C. Morse; Joseph W. Sexton and Nettie M. Sexton, his wife; Martha A. Maxwell; Willie Jenkins and Maggie M. Jenkins, his wife; and the City of Excelsior Springs, respectively.

Prior to the acquisition of the title to the major portion of the reservation in 1922, it had been under lease by the Public Health Service of the Treasury Department from Mr. E. L. Morse, the owner. By Executive Order No. 3669 dated April 29, 1922, certain specifically described hospitals, among which was the hospital at Excelsior Springs, Missouri, then under the supervision of the United States Public Health Service and operated for hospital or sanatoria or other uses, for sick and disabled former soldiers, sailors and marines, were transferred to the United States Veterans Bureau.

On July 12, 1922, President Warren G. Harding approved a request of the Acting Director of the Veterans Bureau for authority to purchase the property then under lease from Mr. E. L. Morse for use as a hospital under the authority of the Act of August 9, 1921. By deed dated July 26, 1922, E. L. Morse and Harriet C. Morse, his wife, conveyed the property to the United States for a consideration of $173,000.00.

Subsequent to the acquisition of the original reservation in 1922, the Director of the Veterans Bureau decided that four parcels of land adjoining the hospital res-

ervation were desired in connection with the proposed enlargement of the hospital. Three of these parcels, owned respectively by E. L. Morse, Joseph W. Sexton and Willie Jenkins, were acquired by purchase in 1929 for a total consideration of $7,500. The fourth parcel was acquired by condemnation in 1930 from Martha A. Maxwell, et al., in Civil Action No. 7609 instituted in the United States District Court for the Western District of Missouri, Western Division, for a consideration of $10,000.00.

In 1937, 2.6 acres of additional land were acquired by donation from the City of Excelsior Springs, Missouri.

The lands which were acquired for use as a Veterans Hospital have remained under the ownership of the United States Government and at the present time are being used as a Job Corps Center.

Partial jurisdiction over the lands comprising the Veterans Administration Hospital reservation, Excelsior Springs, Missouri, was ceded to the United States by the Missouri General Act of Cession, Chapter 56–1, Code of 1919.

Under Section 11072, Revised Statutes of Missouri (1929), (12.010 V.A.M.S.) the state consented to the acquisition of any land "which has been or which may hereafter be acquired" by the Federal Government for hospitals and other listed purposes of the Government. Section 11073 (12.020 V.A.M.S.) ceded jurisdiction to the United States over land purchased or acquired as provided in Section 11072 "so long as the United States shall own said land," and the state retained only the right to serve civil and criminal processes within such land.

▆▆▆ Turning to defendant's last stated reason for dismissal, 18 U.S.C. § 7, par. (3) provides that the territorial jurisdiction of the United States includes, "Any lands * * * acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or other-

wise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building." 40 U.S.C. § 255, creating a presumption against acceptance of jurisdiction and requiring actual acceptance is inapplicable to land acquired prior to the enactment thereof. Markham v. United States, 4 Cir., 215 F.2d 56, cert. den. 348 U.S. 939, 75 S.Ct. 360, 99 L.Ed. 735 (1954). Since the lands were acquired by the United States prior to February 1, 1940, acceptance of the jurisdiction by the United States is presumed. See, Fort Leavenworth R. R. Co. v. Lowe, 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264; United States v. Watkins, D.C., 22 F.2d 437; United States v. Cornell, 25 Fed.Cas. p. 650, 656, No. 14,868.

Defendant's counsel contends that although the United States still owns the land by virtue of the fact it no longer maintains a hospital or sanitorium thereon it no longer uses the land for the purpose for which it was acquired, and, hence, no longer has jurisdiction over crimes committed thereon. As support for this contention defendant's counsel notes that *in 1957*, while the United States was maintaining a hospital on the land the State of Missouri amended Section 12.020 by enacting 12.040 V.A.M.S. which provides " * * * but the jurisdiction ceded to the United States continues no longer than the United States owns the lands *and uses the same for the purposes for which they were acquired.*" (Emphasis added)

Counsel for the United States contends that once the United States gains jurisdiction the State cannot recapture jurisdiction by amending the statute.

▆▆▆ While true a state cannot by an amending statute recapture jurisdiction of land once granted to the United States [1] that principle may not be applicable to the present facts. First it must be determined whether Missouri, at the

---

1. See, In re Ladd, CC., 74 Fed. 31; United States v. Unzeuta, 281 U.S. 138, 50 S.Ct. 284, 74 L.Ed. 761; Yellowstone Park Transportation Co. v. Gallatin County, 9 Cir., 31 F.2d 644; cert. den. 280 U.S. 555, 50 S.Ct. 16, 74 L.Ed. 611; Rogers v. Squier, 9 Cir., 157 F.2d 948, cert. den. 330 U.S. 840, 67 S.Ct. 977, 91 L.Ed. 1287.

time the various parcels were obtained by the United States or were under United States ownership ceded a conditional jurisdiction for the purpose solely of establishing or maintaining hospitals and sanitoriums. If so, then upon termination of the condition jurisdiction would revert to the State of Missouri for the reason that the condition terminated, and not by reason of a later enacted amending statute.

██ It is fundamental Missouri law that statutes on the same subject should be read and considered together to ascertain the intent of the legislative body. Where reasonably possible such statutes are to be harmonized rather than be held to be in conflict in their terms. State ex rel. Smithco Transp. Co. v. Public Service Commission, Mo.Sup., 316 S.W. 2d 6. Turning again to the pertinent Missouri statutes Section 12.010, titled "Consent Given United States to acquire land by purchase for certain purposes" provides, "The consent of the state of Missouri is hereby given * * * to the acquisition by the United States * * * for the purpose of establishing and maintaining * * * hospitals, sanatoriums * * * (others named not relevant)." This section concerns only consent to *acquire* land for certain purposes. The tracts in question were acquired for an authorized purpose. There is no provision in the statute for title to revert if the land is once acquired for an authorized purpose. If the Missouri legislature had intended reverter of title in Section 12.010 where title was properly once attained it is only logical to believe it would have so provided. It is noteworthy that neither the State of Missouri nor the Federal Government has contended, insofar as this Court could ascertain, that title to this land was other than in the United States. Nor do we understand defendant's counsel to be raising any question as to title to the land being in the United States.

Nor is defendant aided by Section 12.-020 V.A.M.S. That section is titled, "Jurisdiction given with reservations". It provides, "The jurisdiction of the state of Missouri (in and over such land) * * * is hereby granted and ceded to the United States so long as the United States shall own said land * * * (reserving the right to serve and execute process thereon)." This section plainly gave the United States *jurisdiction* in and over the land as contrasted with bare legal title. Such jurisdiction was not granted on any condition whatsoever. It was granted outright, subject only to the reservations of the state's right to serve certain process. Had the Missouri legislature intended a conditional grant of jurisdiction it surely would have so provided as it easily could have done. In fact, *in 1947* by an amendment to Section 12.040 V.A.M.S. (relating to ceding jurisdiction in and over land obtained by the United States *for military purposes)* the Missouri legislature provided " * * but the jurisdiction so ceded to the United States shall continue no longer than the said United States shall own such lands and use the same for the purposes for which they were acquired." There could be no better illustration of the fact that where the Missouri legislature intended to give a conditional jurisdiction only, it specifically so provided. The inescapable conclusion is that the United States does have both title and jurisdiction over the land in question although it is used as a Job Corps Center.

Defendant's counsel next contends that Section 564.610 does not declare whether the act in question is a felony or a misdemeanor and permits penalties applicable both to felonies and misdemeanors making it so vague and ambiguous as to be void and unenforceable.[2]

2. If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description, or shall go into any church or place where people have assembled for religious worship, or into any schoolroom or place where people are assembled for educational, political, literary or social purposes, or to any election precinct on any election day, or into any courtroom during the sitting of court, or into any other public assemblage of persons met for any lawful purpose other than for militia drill, or meetings called under militia law

The Missouri statutes define what is a felony and what is a misdemeanor. Section 556.020 V.A.M.S. provides:

"The term felony when used in this or any other statute, shall be construed to mean any offense for which the offender, on conviction, is liable by law to be punished with death or imprisonment in a correctional institution of the state department of corrections, and no other." Section 556.040 V.A.M.S. provides: "The term misdemeanor as used in this or any other statute, shall be construed as including every offense punishable only by fine or imprisonment in a county jail, or both."

The Missouri statutes just quoted have their federal counterpart. Title 18, U.S. C. § 1, provides: "Notwithstanding any Act of Congress to the contrary: (1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony. (2) Any other offense is a misdemeanor."

Section 564.610 V.A.M.S. provides what is commonly termed a graded felony.[3] A person convicted of a violation of 564.610 V.A.M.S. *may* be sentenced to "imprisonment in the penitentiary not exceeding five years * * *." The Missouri Supreme Court in dealing with this statute has consistently upheld it as establishing a felony. In State v. Ready, Mo., 251 S.W.2d 680, defendant was convicted under the statute for exhibiting a dangerous and deadly weapon and fined $100.00. The Supreme Court of Missouri held that the offense was a felony. In State v. Owen, 258 S.W.2d 662, the Missouri Supreme Court held that although only a fine was imposed on the defendant, the offense was a felony, citing State v. Plassard, 355 Mo. 90, 195 S.W.2d 495.

■ Thus, a defendant charged under Section 564.610 V.A.M.S. is charged with an offense punishable by imprisonment for a term exceeding one year and the charge is that of a felony rather than that of a misdemeanor even if only a small fine is actually imposed upon conviction. The statute (564.610 V.A.M.S.) is clear and unambiguous and is not in conflict with any other Missouri statute. In summary, both the Missouri statutes (556.020 and 556.040) and the federal statute (18 U.S.C. § 1) provide the act charged in the indictment is a felony.

■ Section 13, 18 U.S.C., provides that whoever upon any of the places acquired as provided in Section 7 is guilty of any act not made punishable by Act of Congress, would be punishable if committed within the jurisdiction of the state where the place is situated by the laws thereof in force at the time of the Act "shall be guilty of a like offense and subject to a like punishment." Section 13, in which Congress plainly declares that the criminal law of a state as it exists at the time in the place so acquired shall be the law of the United States has been held valid. See, Hemans v. United States, 6 Cir., 163 F.2d 228, cert. den. 332 U.S. 801, 68 S.Ct. 100, 92 L.

---

of this state, having upon or about his person, concealed or exposed, any kind of firearms, bowie knife, springback knife, razor, metal knucks, billy, sword cane, dirk, dagger, slung shot or other similar deadly weapons or shall, in the presence of one or more persons exhibit any such weapons in a rude, angry or threatening manner, or shall have any such weapon in his possession when intoxicated, or, directly or indirectly, sell or deliver, loan or barter to any minor any such weapon, without the consent of the parent or guardian of such minor, he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding five years, or by fine of not less than one hundred nor more than one thousand dollars, or by imprisonment in the county jail not less than fifty days nor more than one year, or by both such fine and imprisonment; provided, that nothing contained in this section shall apply to legally qualified sheriffs, police officers and other persons whose bona fide duty is to execute process, civil or criminal, make arrest, or aid in conserving the public peace, nor to persons traveling in a continuous journey peaceably through this state. Section 564.610 V.A.M.S.

3. See, State v. Thomas, Mo.Sup., 343 S.W. 2d 56; State v. Kollenborn, Mo.Sup., En Banc, 304 S.W.2d 855, State v. Combs, Mo.App., 301 S.W.2d 529.

Ed. 380, rehearing denied 332 U.S. 821, 68 S.Ct. 152, 92 L.Ed. 397.

In his motion to dismiss the information defendant's counsel suggests Sections 7 and 13 as used here permit a person charged with a state crime to be in double jeopardy for the same offense in violation of the Fifth Amendment. However, defendant's counsel has not suggested just how this could occur. Since the Federal Government has jurisdiction to charge and try this particular offense it is not reasonable to assume that the State might erroneously believe it also possessed such authority or power. In any event, if defendant is ever placed in double jeopardy (an event which should not occur) he can at that time raise the defense. No question of double jeopardy is presently existing and no constitutional question concerning double jeopardy is before the Court.

In conclusion, defendant's motion to dismiss the information is without merit and it is hereby overruled and denied.