**Homer WYNES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54745.

Supreme Court of Missouri, Division No. 2.

June 14, 1971.

John R. Fowlkes, Fowlkes & Hendricks, Caruthersville, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

On September 3, 1968, appellant pleaded guilty to a charge of escaping a county jail before conviction. § 557.390, RSMo 1969, V.A.M.S. His sentence for the offense was two years imprisonment in the Department of Corrections. This is a proceeding under Rule 27.26, V.A.M.R. to set aside and vacate appellant's conviction, and although the filing date of the motion is not shown, the motion was heard by the trial court on May 6, 1969, prior to the time his sentence would have been completed.

Appellant alleged in his motion that he was incarcerated in the county jail awaiting trial upon a misdemeanor, a driver's li-

cense charge, and that the offense of escaping from the county jail while so incarcerated would only be a misdemeanor rather than a felony.

Under § 557.390, the punishment for the offense of escaping jail before conviction is for a term not exceeding two years in the penitentiary or in the county jail for not less than six months. Under § 556.020, RSMo 1969, V.A.M.S., the offense is a felony because the punishment may be imprisonment in the penitentiary. See State v. Plassard, 355 Mo. 90, 195 S.W.2d 495, 496 [1]. Because confinement in the county jail may be assessed does not result in the offense being only a misdemeanor. State v. Melton, 117 Mo. 618, 23 S.W. 889. And the fact that appellant was originally incarcerated on a misdemeanor charge does not reduce the offense of escaping jail before conviction to a misdemeanor. The statute provides only that a defendant be lawfully imprisoned on any criminal charge. State v. Pace, Mo., 402 S.W.2d 351, 353, answers appellant's contention in its holding: "[N]either the actual guilt nor innocence of the defendant upon the original charge, the invalidity of the original information or indictment, his subsequent acquittal, or the reversal of his conviction on appeal, constitutes any defense to the subsequent, independent and substantive charge of *escape*." Appellant does not challenge the lawfulness of his imprisonment on the driver's license charge. Since the sentence was within the limits of § 557.390 as a felony, it cannot be deemed excessive as contended. State v. Laster, 365 Mo. 1076, 293 S.W.2d 300; State v. Smith, Mo., 445 S.W.2d 326.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.