[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
The Honorable Bill Alter Representative, District 90 State Capitol Building Jefferson City, MO 65101
Dear Representative Alter:
This opinion responds to your question asking:
 Does a certified, commissioned, police officer's privilege of carrying a concealed weapon end where his jurisdiction['s geographic boundaries] end?
Section 571.030.1, RSMo Supp. 1995, makes carrying a concealed weapon a crime but § 571.030.2(1) exempts:
 [a]ll state, county and municipal law enforcement officers possessing the duty and power of arrest for violation of the general criminal laws of the state or for violation of ordinances of counties or municipalities of the state, or any person summoned by such officers to assist in making arrests or preserving the peace while actually engaged in assisting such officer[.]
Thus, the privilege to which you refer is § 571.030.2(1)'s exemption.
We can find no appellate court decisions construing that provision in the context of your question. However, in State v.Owen, 258 S.W.2d 662 (Mo. 1953) and State v. Henderson,660 S.W.2d 373 (Mo.App., E.D. 1983), the courts construed a similar exemption that read:
 nothing contained in this section shall apply to legally qualified sheriffs, police officers and other persons whose bona fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace[.]
Sections 564.610, RSMo 1949, and 571.115, RSMo 1978.
In State v. Owen, the court found that a Taney County deputy sheriff was not entitled to the exemption because he was in Boone County on other than official law enforcement business. The court stated:
 When in another county upon official business, which originates in the county of his election or appointment, a sheriff or his deputy clearly is entitled to the immunity[.]
Id., 258 S.W.2d at 665.
In State v. Henderson, the court held that a mayor with law enforcement responsibilities was not entitled to immunity because he was not engaged in official law enforcement business. The Court stated:
 [T]hat when a law enforcement officer such as a deputy sheriff is in `hot pursuit' of a felon, transporting a prisoner or performing some other official business that requires him to enter another jurisdiction, he is entitled to the immunity of the statute. A law enforcement officer such as a police officer, or a sheriff on official business outside his jurisdiction will frequently need a weapon.
Id., 660 S.W.2d at 379.
While Owen and Henderson do not address the exact exemption at issue, we conclude that they are authority for the proposition that § 571.030.2(1)'s exemption applies to law enforcement officers on official law enforcement business outside those officers' geographic jurisdictions. However, law enforcement officers are subject to § 571.030 while outside their jurisdictions on other than official law enforcement business.
CONCLUSION
It is the opinion of this office that certified, commissioned, police officers do not violate § 571.030, RSMo Supp. 1995, by carrying concealed weapons outside of their jurisdictions so long as the officers are performing official law enforcement business.
However, they are subject to § 571.030 while outside their jurisdictions on other than official law enforcement business.
 JEREMIAH W. (JAY) NIXON Attorney General