The Honorable W. Craig Hosmer State Representative, District 138 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Hosmer:
This opinion is in response to your question asking:
 Does a certified, commissioned law enforcement or peace officer's privilege of carrying a concealed weapon extend to a statewide privilege as a result of the passage of HB 69 et al?
The Missouri General Assembly amended Section 70.820, RSMo, in Conference Committee Substitute for Senate Committee Substitute for House Substitute for House Committee Substitute for House Bills Nos. 69 179 and House Committee Substitute for House Bill No. 669, 89th General Assembly, First Regular Session (1997) (hereinafter "House Bill No. 69"). House Bill No. 69 added as subsection 6 to Section 70.820 the following:
 6. In addition to the powers prescribed in subsections 1 and 5 of this section, section 544.216, RSMo, and any other arrest powers, a law enforcement officer or federal law enforcement officer as defined in subsection 8 of this section, may arrest on view, and without a warrant, at any place within this state, any person the officer sees asserting physical force or using forcible compulsion for the purpose of causing or creating a substantial risk of death or serious physical injury to any person or any person the officer sees committing a dangerous felony as defined in section 556.061, RSMo. Any such action shall be deemed to be within the scope of the officer's employment. [Emphasis added.]
Pursuant to this newly-added subsection, law enforcement officers, under certain circumstances, have arrest powers at any place within the state.
Section 571.030, RSMo, as amended by House Substitute for Senate Substitute for Senate Bill No. 367, 89th General Assembly, First Regular Session (1997), makes carrying a concealed weapon a crime but provides exemptions for certain persons. Those exempted in subsection 2 (1) of Section 571.030 are:
 (1) All state, county and municipal law enforcement officers possessing the duty and power of arrest for violation of the general criminal laws of the state or for violation of ordinances of counties or municipalities of the state, or any person summoned by such officers to assist in making arrests or preserving the peace while actually engaged in assisting such officer;
In Opinion No. 89-96, issued February 5, 1996, this office addressed a question concerning police officers carrying concealed weapons outside of their jurisdiction. This office concluded that such officers did not violate Section 571.030, RSMo Supp. 1995, by carrying concealed weapons outside of their jurisdictions so long as the officers were performing official law enforcement business; however, such officers were subject to Section 571.030 while outside their jurisdictions on other than official law enforcement business.
Opinion No. 89-96 was based on the statutes in effect at the time of the opinion and relevant court cases including State v.Owen, 258 S.W.2d 662 (Mo. 1953) and State v. Henderson,660 S.W.2d 373 (Mo.App. E.D. 1983). The cases emphasized that when a law enforcement officer was outside his jurisdiction on other than official law enforcement business, the officer could not be called upon to perform law enforcement duties. In State v. Owen,supra, the court explained:
 When within the territorial limits of his own county, the sheriff or his commissioned deputy may be called upon at any time to perform duties which may require the use or display of the weapons listed by this statute. But when such a deputy sheriff commissioned as above is on business of his own and in another county hundreds of miles from the county wherein he has deputy sheriff authority, and where he could not be called upon under any circumstances to conserve the peace or execute process or make arrests or use deadly weapons there is no logical reason whatever for the application of the exception. [Emphasis added.]
Id. at 665. Because of the statutory amendment to Section 70.820
by House Bill No. 69, these cases are no longer applicable. A law enforcement officer may now arrest certain persons at any placewithin this state. Because of the statutory amendment to Section70.820 by House Bill No. 69, we are withdrawing Opinion No. 89-96.
As a result of the addition of subsection 6 to Section 70.820
by House Bill No. 69, a law enforcement officer, under certain circumstances, may arrest at any place within this state. Therefore, a law enforcement officer may be performing law enforcement duties at any place within this state. Because such law enforcement officer may be performing official duties at any place within this state, such law enforcement officer is authorized to carry a concealed weapon at any place within this state.
CONCLUSION
It is the opinion of this office that a law enforcement officer, authorized by Section 70.820, RSMo, as amended by Conference Committee Substitute for Senate Committee Substitute for House Substitute for House Committee Substitute for House Bills Nos. 69 179 and House Committee Substitute for House Bill No. 669, 89th General Assembly, First Regular Session (1997) to arrest certain persons at any place within this state, is authorized to carry a concealed weapon at any place within this state.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General